PEOPLE v. GANLY, County Clerk, et al.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. COUNTIES ⬳78—OFFICERS—FEES—POWER OF COUNTIES.

Laws 1912, c. 548, which erects the county of Bronx out of territory which had theretofore been a part of the county of New York, declares in section 4 that all fees received by county officials shall be paid into the treasury of the city of New York. Section 11 declares that all acts and parts of acts specially applicable to the county of New York, or that portion of the borough of the Bronx, formerly part of the county of Westchester, annexed to the city, shall continue in full force and effect as though the county of Bronx had been in existence at the time of the passage of such act, and as though it had been named therein. Executive Law (Consol. Laws, c. 18) § 103, provides that the oath of office of any notary public residing in New York county or Kings county shall not be filed until payment of $10, that if the notary shall reside in a county having more than 50,000 and less than 600,000 inhabitants the fee shall be $5, while if he shall reside elsewhere it shall be $2.50. The section further declares that neither the clerk of the county of New York nor the county clerk of the county of Kings shall file a certificate of appointment and qualification of a notary public, unless he shall pay a fee of $7.50. Section 104, disposing of fees paid by notaries public, provides

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the county clerk of the counties of New York, Kings, and Erie may appoint an assistant, to be known as notarial clerk, that the county clerk of Erie county may retain from each fee $1.50, that the clerk of the counties of New York and Kings may retain $3, but not exceeding the total amount of $1,500 in the county of Kings, nor $3,000 in the county of New York, while in counties other than New York, Kings, and Erie the notary may retain 50 cents. *Held* that, in view of section 11, the Executive Law is to be read as if the county of Bronx appeared enumerated with New York county and Kings county, and so the county clerk of Bronx county may retain $3 from filing fees of notaries.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 105–113; Dec. Dig. ☞78.]

2. COUNTIES ☞78—FEES OF COUNTY CLERK.

In such case the fact that the Legislature, by Laws 1915, c. 18, inserted Bronx county into Executive Law, § 103, does not show that the Legislature construed the statutes to the contrary, but the insertion merely gave effect to the law of 1912.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 105–113; Dec. Dig. ☞78.]

3. STATUTES ☞176—CONSTRUCTION—POWER OF COURTS.

The courts, and not the Legislature, must finally decide the proper meaning and construction of statutes.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 255; Dec. Dig. ☞176.]

McLaughlin and Clarke, JJ., dissenting.

Controversy between the People of the State of New York and James V. Ganly, as Clerk of the County of Bronx, and the City of New York, submitted on an agreed state of facts. Judgment for defendants.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

E. E. Woodbury, Atty. Gen. (Alfred L. Becker and James S. Y. Ivins, Deputy Attys. Gen., of counsel and on the brief), for the people.

John Kadel, of New York City, for defendant Ganly.

Terence Farley, of New York City, for defendant city of New York.

SCOTT, J. The following is the state of facts agreed upon by the parties to this controversy (certain tabulations being omitted as having no bearing upon the questions of law involved):

"The defendant James V. Ganly is, and at all times hereinafter mentioned has been, the county clerk of the county of Bronx. Prior to the taking effect of chapter 18 of the Laws of 1915, the county clerk of Bronx received from notaries public qualifying in this county fees at the rate of $2.50 each, of which he remitted $2 to the state treasurer and 50 cents to the city chamberlain. After chapter 18 of the Laws of 1915 took effect, the defendant Ganly, as county clerk of Bronx, received from notaries public, qualifying in this county, fees at the rate of $10 each. The defendant Ganly retained the sum of $3 out of each $10 fee, and remitted to the state treasurer the sum of $7 of each such fee. The $3 retained by the defendant Ganly from each such fee was remitted by him to the chamberlain of the defendant the city of New York. The plaintiffs claim that the defendant Ganly, under provisions of various statutes applicable, should have remitted to the state treasurer the sum of $9.50 of each $10 fee, and retained only 50 cents of each such fee re-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ceived. Defendants deny this, and claim that the city of New York was entitled by law to retain the $3 of each fee remitted to it by defendant Ganly."

[1] The question at issue arises under the Bronx County Act (chapter 548, Laws of 1912), which erected the county of Bronx out of territory which had theretofore been a part of the county of New York. By that act all fees received by county officials, except as herein otherwise provided, were required to be paid into the treasury of the city of New York. Section 4. Hence the interest of said city in this controversy. Section 11 of the act provides as follows:

"All acts and parts of acts specially applicable to the county of New York or that portion of the borough of Bronx formerly part of the county of Westchester annexed to the city of New York by chapter 934 of the Laws of 1895 and now in force in the borough of Bronx and not inconsistent with this act shall continue in full force and effect in the county of Bronx, as though the said county had been in existence at the time of the passage of said acts, as though the name of the said county of Bronx had appeared in said acts and parts of acts whenever the name of the county of New York or the county of Westchester appears in said acts or parts of acts."

At the time of the passage of the act the fees to be paid by notaries public upon appointment and qualification were prescribed by section 103 of the Executive Law (chapter 23, Laws 1909), which provided, inter alia, that:

"No county clerk shall file the oath of office of any notary public until there shall be paid to such county clerk, by such notary public:

"1. *If he reside in New York county or Kings county, ten dollars.*

"2. If he reside in a city having a population, as shown by the then last preceding federal or state enumeration, of more than 50,000, and less than 600,000, five dollars.

"3. If he reside elsewhere, two and one-half dollars.

"Neither the clerk of the county of New York, nor the county clerk of the county of Kings, shall file a certificate of the appointment and qualification of a person appointed to be a notary public in and for any county other than New York or Kings, until such notary public shall pay such clerk seven and one-half dollars."

The disposition of such fees was provided for in section 104 of the Executive Law, as follows:

"Sec. 104. *Disposition of Fees Paid by Notaries Public.*—The county clerk of each of the counties of New York, Kings and Erie may appoint an assistant to be known as notarial clerk. The county clerk of Erie county may retain, from each fee so paid by a notary public as a condition of filing his oath of office, one dollar and a half. The clerk of each of the counties of New York and Kings may retain, from each fee so paid by a notary public as a condition of filing his oath of office, three dollars, but not exceeding the total amount of $1,500 in the county of Kings nor $3,000 in the county of New York in any one year, and each of the county clerks of the counties of New York, Kings and Erie, may apply the amount so retained by him in payment of the salary of the notarial clerk or clerks in his office. The county clerk in each county other than the counties of New York, Kings and Erie, may retain from each fee so paid by a notary public as a condition of filing his oath of office, fifty cents. The amounts so retained by a county clerk of any county shall be paid in full payment for all his services and disbursements connected with the appointment and qualification of notaries public to act as such in such county. If the office of any such county clerk is a salaried office, such county clerk shall pay over the sum so retained by him, to the officer to whom fees of such county clerk are required by law to be paid. The county clerk of each county shall, within ten days after the end of each month, pay over to the

state treasurer all fees received by him from notaries public under the provisions of this chapter during said month, after having deducted so much thereof as he is authorized to retain under the provisions of this section."

We think that there can be no doubt that, as the legislation above quoted originally stood, the fee to be paid by notaries public in the county of Bronx was $10, the same as was payable in the county of New York. The provision of section 11 of the Bronx County Act was not, as it sometimes attempted to be read, that "all special acts and parts of acts applicable to the county of New York," etc., shall continue in full force and effect in the county of Bronx, but that "all acts and parts of acts," whether special or general, if specially applicable to the county of New York, should be applicable in full force and effect in the county of the Bronx, as though the name of the county of Bronx had appeared in said acts or parts of acts wherever the name of the county of New York appears therein. The reason for this enactment is plain enough. The former county of New York, out of which the county of Bronx was carved, differed in many respects from any other county in the state. It was almost wholly urban, and in extent and density of population far outstripped any other county. It had consequently been found necessary from time to time, not only to pass special acts relating to the county, but also to insert in general acts special provisions for that county. Of this latter class of enactments sections 103 and 104 of the Executive Law are good examples. The object of section 11 of the Bronx County Act was to write into every statute wherein the county of New York was specially mentioned the name of the county of Bronx. Thus that portion of section 103 of the Executive Law prescribing the fees to be paid by a notary public in New York county was intended to read, after the passage of the Bronx Act, as follows:

"1. If he reside in New York county, *Bronx county* or Kings county, ten dollars."

And section 104, relating to the disposition of the fees, was intended to be read:

"The clerk of each of the counties of New York, *Bronx* and Kings may retain from each fee paid by a notary public as a condition of filing his oath of office, three dollars. * * *"

[2] It is urged, however, that the Legislature has given a different construction to the acts above referred to, by adopting in 1915 an amendment to section 103 of the Executive Law, by which the words "Bronx county" are actually written into the act, precisely as, in our opinion they were legally written therein by the adoption of section 11 of the Bronx County Act above quoted (chapter 18, Laws 1915). The argument appears to be that by adopting this amendment the Legislature impliedly expressed the opinion that section 11 of the Bronx County Act did not originally so operate upon sections 103 and 104 of the Executive Law as to make applicable to the county of Bronx the provisions of these sections specially applicable to the county of New York. We do not so understand it. On the contrary, as we understand it, the Legislature passed the act in 1915 for

the purpose of carrying out the intent of section 11 of the Bronx County Act.

[3] The most that can be said of the act is that, even if the Legislature of 1915 had construed the act of 1909 in a contrary sense to that which we adopt, that construction would not be of binding force, for it is the courts who must finally decide the proper meaning and construction of statutes.

In our opinion it was the duty of the county clerk of Bronx county, from the beginning, to have collected a fee of $10 from each notary public appointed for and qualifying in that court, and of each amount so collected to have paid $3 into the treasury of the city of New York, and remitted $7 to the state treasury.

There must be judgment, therefore, in favor of the defendants, but without costs, as stipulated in the submission. Settle order on notice.

INGRAHAM, P. J., and SMITH, J., concur. McLAUGHLIN and CLARKE, JJ., dissent.