In the Matter of the Application of JAMES F. O'BRIEN, Appellant, for a Peremptory Writ of Mandamus against EDWARD F. BOYLE et al., Constituting the Board of Elections in the City of New York, Respondents.

**Bronx county — official terms of county officers not limited by the Constitution to three years, but may be fixed by the legislature at four years.**

The official terms of the sheriff, district attorney, county clerk and register of deeds of Bronx county are not limited by the Constitution to three years but may constitutionally be fixed by the legislature at four years. (L. 1912, ch. 548, § 3; Const. art. 10, § 1; art. 12, § 3.)

*Matter of O'Brien* v. *Boyle,* 175 App. Div. ——, reversed.

(Argued October 17, 1916; decided October 20, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judical department, entered October 5, 1916, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the board of elections of the city of New York to refrain from publishing notices of election for certain officials of Bronx county.

The facts, so far as material, are stated in the opinion.

*James A. Foley, Edgar M. Cullen, Joseph M. Callahan* and *William Cohn* for appellant. The words " county of

New York," used in article 10, section 1, and article 12, section 3, must be construed to apply to the territory within the old city and county of New York. The county of Bronx, formed of part of that territory, is subject to the same limitations and its officers must be elected in odd-numbered years. (*People ex rel. Field* v. *Aldermen*, 89 Hun, 460; 147 N. Y. 685; *McGrath* v. *Grout*, 69 App. Div. 314; *People ex rel. Henderson* v. *Bd. Suprs.*, 147 N. Y. 1; *Levin* v. *U. S.*, 126 Fed. Rep. 826; *Epping* v. *City of Columbus*, 117 Va. 263; *Nye* v. *Fordham*, 215 Ill. 285; *Kendall* v. *Kingston*, 5 Mass. 524; *Kenny* v. *Hudspeth*, 59 N. J. L. 504; *Rumsey* v. *People*, 19 N. Y. 41; *People* v. *Home Insurance Co.*, 92 N. Y. 328; *People ex rel. Bolton* v. *Albertson*, 55 N. Y. 50.)

*Louis O. Van Doren, John Boyle, Jr.*, and *Julius D. Tobias* for Republican committee of Bronx county, intervening. The four-year term of office of the sheriff, district attorney, county clerk and register of deeds of Bronx county fixed by the Bronx County Act, was in accordance with the constitutional provisions and not in conflict with them. (N. Y. Const. art. 10, § 1; art. 12, § 3; *People* v. *Clark*, 139 App. Div. 687; *People* v. *Ringe*, 197 N. Y. 143.)

*Lamar Hardy, Corporation Counsel* (*Terence Farley* of counsel), for respondents. The Appellate Division properly held that section 3 of the Bronx County Act, in so far as it provides for a four-year term of office for the sheriff, county clerk, district attorney and register, violates the State Constitution. (N. Y. Const. art. 10, § 1.) The language of section 1 of article 10 of the Constitution is mandatory. (*State ex rel. Childs* v. *Sutton*, 67 Minn. 147; *People* v. *Rathbone*, 145 N. Y. 434; *Newell* v. *People*, 7 N. Y. 9; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *People ex rel. Killeen* v. *Angle*, 109 N. Y. 564; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *Sturges* v.

*Crowinshield,* 4 Wheat. 122; *Brown* v. *Maryland,* 12 Wheat. 419; *Ex parte Vallandigham,* 1 Wall. 243; *Evansville* v. *State,* 118 Ind. 426; *Page* v. *Allen,* 58 Penn. St. 338.)

POUND, J. This is an appeal from an order of the Appellate Division, first department, reversing an order of the Supreme Court, entered at Special Term (Bronx county), which granted a motion made by the appellant for a writ of peremptory mandamus against the respondents.

The appellant is the present sheriff of Bronx county. The respondents constitute the board of elections of the city of New York. In their official capacity the respondents were proceeding to hold elections in Bronx county for the offices of district attorney, sheriff, county clerk and register of deeds. The appellant thereupon petitioned the court as sheriff and as an elector for a writ of mandamus directing the respondents to omit from the notices of election and the ballots to be used on election day in 1916 any reference to the election of candidates for the offices above enumerated. From the order granting said application an appeal was taken to the Appellate Division, which reversed the Special Term.

The question involved in this appeal is whether the official terms of the sheriff, district attorney, county clerk and register of deeds of Bronx county may constitutionally be fixed by the legislature at four years or whether they are limited by the Constitution to three years. If such terms are fixed by the Constitution at three years successors to the present incumbents of said offices are properly to be elected in the general election to be held in November, 1916; if their terms are four years the election of their successors in office should not be held until 1917.

The county of Bronx was erected out of New York county by Laws of 1912, chapter 548. The Bronx County Act provides that:

"Section 3. * * * There shall be elected in the said county of Bronx at the general election of 1913 a county judge, a surrogate, a district attorney, a sheriff, a county clerk, and a register of deeds. The official term of said officers shall be as follows: * * * the district attorney, *four* years; the sheriff, *four* years; the county clerk, *four* years; the register of deeds, *four* years."

The State Constitution contains a provision, article X, section 1, as follows:

"Sheriffs, clerks of counties, district attorneys and registers in counties having registers, shall be chosen by the electors of the respective counties, once in every three years and as often as vacancies shall happen, *except in the counties of New York and Kings, and in counties whose boundaries are the same as those of a city, where such officers shall be chosen by the electors once in every two or four years, as the legislature shall direct.*"

Article XII, section 3, provides:

"All elections of city officers, including supervisors and judicial officers of inferior local courts, elected in any city or part of a city, and of county officers elected *in the counties of New York and Kings, and in all counties whose boundaries are the same as those of a city,* except to fill vacancies, shall be held on the Tuesday succeeding the first Monday in November in an odd-numbered year, and the term of every such officer shall expire at the end of an odd-numbered year."

The words in italics were inserted by the constitutional convention of 1894.

Did the framers of the Constitution of 1894 intend to prohibit the election of county officers within the then existing territorial limits of New York county except in the odd-numbered years and for terms of two or four years, or did they intend to place such limitation only upon the political organization known as New York county, without regard to its boundaries as they were defined in 1894?

The purpose of the amendment incorporated into the Constitution in 1894 is stated with clearness in the debates in the constitutional convention to be the separation of local elections from state and national elections in the interest of independence in municipal affairs and better municipal government. In the Address to the People the convention said at page 1251 of the record (Vol. IV):

"We seek to separate in the larger cities, municipal elections from State and national elections, to the end that the business affairs of our great municipal corporations may be managed upon their own merits, uncontrolled by national and State politics, and to the end, also, that the great issues of national and State politics may be determined upon their merits, free from the disturbing and often demoralizing effect of local contests. For this purpose it has been necessary by a series of amendments to rearrange the terms of office and times of elections of the Governor, State officers, Senators and municipal officers so that the elections for State officers will occur in the even-numbered years and the elections for municipal officers in the odd-numbered years." In the execution of this purpose it is provided (except as to cities of the third class) that all city officers shall be elected in odd-numbered years. As to county officers the convention did not extend the full benefits of the reform to the rural counties but continued the ancient and accustomed tenure of office. In the densely inhabited counties of New York and Kings, however, where the evils of combining national, state and local elections were presumably greater, the separation was made. Bronx county contains 618,000 inhabitants. No city in the state, except the city of New York, of which it is a part, has so large a population. It is exceeded by but few cities in the United States. Every reason that existed for separating local elections from state and national elections in New York county as it was in 1894 exists for separating them now in Bronx county. We are constru-

ing a Constitution, and we must be guided by the spirit as well as the letter of the fundamental law. We seek the reason of the rule and we find that the reason still exists. The division of New York county into two great counties is no slight change of boundaries and it should not take from the people of either division the constitutional right to elect their local officers in odd-numbered years apart from the excitement and irrelevant discussion of state and national campaigns.

I think, therefore, that the order appealed from should be reversed, and the order of Special Term affirmed.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK and CARDOZO, JJ., concur; CHASE, J., dissents on opinion of DOWLING, J., in the Appellate Division.

Ordered accordingly.