## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### December 1, 1916.

## MORRIS SYRKIN v. IRVING KESNER and JULIUS FRANKEL.

(175 App. Div. 321.)

ARREST—JAIL LIMITS, COUNTY OF NEW YORK—EFFECT OF CREATION OF BRONX COUNTY WITHOUT ESTABLISHING JAIL LIMITS.

As the county of Bronx, erected in 1912, had previously been within the jail limits of the county of New York, it continued to be within said limits until the jail limit liberties in Bronx county were laid out by the amendment to the Prison Law made in 1915. Hence, a debtor who was placed on the jail limits of New York county did not "escape" so as to forfeit his undertaking by going into the county of Bronx, prior to the time the jail limits of said county were established

APPEAL by the defendants, Irving Kesner and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 13th day of April, 1916, upon the special verdict of a jury.

The action was brought to recover on a jail limit undertaking.

*Harry H. Bernstein,* for the appellants.

*Harry N. Wessel,* for the respondent.

DOWLING, J.:

On May 13, 1914, plaintiff obtained a judgment against the defendant Irving Kesner in the Municipal Court of the City of New York, borough of Manhattan, fifth district, for the sum

of $538.91, the judgment containing a provision that the defendant was subject to arrest and imprisonment thereon. On June 8, 1914, pursuant to an execution issued out of said court in said action, the defendant Irving Kesner was arrested and committed to the common jail of the county of New York in the custody of the sheriff of the county of New York. On June 11, 1914, the defendant Julius Frankel, together with the prisoner, the defendant, Irving Kesner, duly executed an undertaking to the sheriff of the county of New York, which was duly approved, providing that the defendant Irving Kesner " shall remain a prisoner, and shall not at any time or in any manner escape or go without the liberties of the jail of the said county of New York until discharged by due course of law." On June 15, 1914, defendant Kesner was within the confines of the county of Bronx, and was served with the summons in this action on that day at One Hundred and Forty-ninth street and Third avenue in said county. The question in the present appeal is that presented by the denial of the motions made upon the trial by defendants' counsel to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, his contention being that on June 15, 1914, the jail limits of New York county included Bronx county, and that, therefore, Kesner's presence in Bronx county on that date did not constitute an escape.

By the Prison Law (Consol. Laws, chap. 43; Laws of 1909, chap. 47) it was provided:

" § 357. Jail liberties in certain counties. The following are the liberties of the jail for each of the counties specified, to wit: For the county of New York, the whole of said county * * * (Amd. by Laws of 1911, chap. 174.)

" § 358. Jail liberties in other counties. The liberties of the jail in each of the other counties of the State, as heretofore established, shall continue to be the liberties thereof, until they

are altered, or new liberties are established, as prescribed by law."

The territory now included in the county of Bronx, therefore, was within the jail liberties of the county of New York in 1909 and in 1911. Bronx county was erected April 19, 1912. (Laws of 1912, chap. 548.) The act creating it contained no reference to any jail liberties therein, nor any mention of the jail liberties of the county of New York as then existing.

The Prison Law provides:

" § 359. Laying out jail liberties. Where the liberties of a jail are altered or established, by resolution of the board of supervisors, as prescribed by law, a space of ground, adjacent to the jail, and not exceeding five hundred acres in quantity, must be laid out as the jail liberties, in a square or rectangle as nearly as may be; but a stream of water, canal, street, or highway, may be adopted as an exterior line, notwithstanding it is not in a straight line, or is not at right angles with the other exterior line of the liberties. A resolution establishing or altering jail liberties, must contain a particular description of their boundaries; and as soon as may be after its adoption, the boundaries must be designated by monuments, inclosures, posts, or other visible and permanent marks, at the expense of the county."

' No action was ever taken to lay out jail liberties in Bronx county under this section. But on March 11, 1915, the Prison Law (§ 357) was amended (Laws of 1915, chap. 62) by making the jail liberties for the county of Bronx the whole of said county, so that since that date there is no question that Kesner's presence in Bronx county would have been an escape, but it seems clear that before that date it did not constitute one. The delay in creating separate jail liberties for Bronx county and in thus reducing those of New York county, was one of the incidents attending the gradual change of the ad-

ministration of justice in Bronx county.   (See Laws of 1912, chap. 548, § 11; People ex rel. Unger v. Kennedy, 207 N. Y. 533; People v. Ganly, 170 App. Div. 702; Matter of O'Brien v. Boyle, 219 N. Y. 195.)

The judgment appealed from will, therefore, be reversed and the complaint dismissed, with costs to appellant.

CLARKE, P. J., LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Judgment reversed and complaint dismissed, with costs to the appellant.