In the Matter of the Application of FERDINAND M. BECKER, Respondent, for an Order Directing the Board of Elections of the City of New York to Receive and File a Certain Certificate of Nomination of FERDINAND M. BECKER, etc., County Clerk, County of Queens.

EDWARD F. BOYLE and Others, Constituting the Board of Elections of the City of New York, Appellants.

Second Department, October 25, 1917.

**Elections — constitutional law — term of office and time of election of county clerk of Queens county.**

Article 12, section 3, of the State Constitution providing that the election of city officers and county officers in the counties of New York and Kings and in all counties whose boundaries are the same as those of a city, except to fill vacancies, shall be held in an odd-numbered year and that the term of every such officer shall expire at the end of an odd-numbered year, applies only to the counties of New York and Kings and to all counties whose boundaries are the same as a city. It has no application to the term of office of the county clerk of Queens county and in no way limits article 10, section 1, of the Constitution and section 160 of the County Law, which provide that the term of office of the county clerk of Queens shall be three years.

APPEAL by Edward F. Boyle and others, constituting the board of elections of the city of New York, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 23d day of October, 1917, granting the application herein.

*Terence Farley* [*Lamar Hardy, Corporation Counsel*, with him on the brief], for the appellants.

*Edgar F. Hazleton* [*Joseph B. Clark* with him on the brief], for the respondent.

PER CURIAM:

Both the Constitution and statute provide in effect that the term of office of the county clerk of Queens county shall be three years. (Const. art. 10, § 1; County Law [Consol. Laws, chap. 11; Laws of 1909, chap. 16], § 160, as amd. by Laws of 1914, chap. 62.)

We find nothing in the constitutional provision (Art. 12, § 3) which so limits the action of the first cited constitutional provision or of the County Law as to require the term of office to expire on the odd-numbered year. The section is in part as follows: "All elections of city officers, including supervisors and judicial officers of inferior local courts, elected in any city or part of a city, and of county officers elected in the counties of New York and Kings, and in all counties whose boundaries are the same as those of a city, except to fill vacancies, shall be held on the Tuesday succeeding the first Monday in November in an odd-numbered year, and the term of every such officer shall expire at the end of an odd-numbered year."

The plain wording of the Constitution is that this provision applies only to the counties of New York and Kings and to all counties whose boundaries are the same as those of a city. The wording of the Constitution does not apply to the county of Queens, either by name or as a territorial unit. *Matter of O'Brien* v. *Boyle* (219 N. Y. 195) establishes the principle, as we read the case, that where the Constitution mentions the county of New York, it refers not to a political subdivision of that name, but to the territory which at that time constituted the county of New York, and still applies to such territory, however it may be divided by legislative act. This principle necessarily led to the conclusion of the court that the constitutional provision still applies to the territory which then constituted the city of New York, although subsequently divided. The fact that for many years, in the election

of officials, this County Law has been assumed to apply to the county of Queens, is of important force in determining the construction of the meaning of the Constitution. As was said by PECKHAM, J., writing for a unanimous court, in *Matter of Washington Street, A. & P. R. R. Co.* (115 N. Y. 442): " Such acquiescence and recognition on the part of the officers of the government are of very considerable, if not of controlling weight in the interpretation of a general act of the Legislature relating to public objects like the one under discussion." This principle of contemporaneous construction has been applied to the Constitution as well as to statutes. (*People ex rel. Williams* v. *Dayton*, 55 N. Y. 367.) We find also that the people themselves, in subsequent constitutional amendments, have placed this construction upon the Constitution. Similar articles of the Constitution have been deemed so restricted as to require constitutional amendment to make the provisions of the Constitution apply to the counties situated like Queens, which subsequently became portions of the city of Greater New York. So section 10 of article 8 of the Constitution, adopted in 1894, provided that whenever the boundaries of any city shall become the same as those of the county, the power of the county to become indebted shall cease. This was amended in 1899, to take effect on January 1, 1900, to provide that, whenever the boundaries of any city are the same as those of a county, or when any city shall include within its boundaries more than one county, the power of any county wholly included within such city to become indebted shall cease. Section 26 of article 3, as adopted in 1894, provided that there shall be in the several counties, except in cities whose boundaries are the same as those of the county, a board of supervisors, etc. This was also amended in 1899, to take effect on January 1, 1900, to provide that there shall be in each county, except in a county wholly included in a city, a board of supervisors, etc.

The determination of the people that the Constitution in its original form required amendment so as to include the counties of Queens and Richmond, which subsequently became parts of the city of New York, necessarily leads to the conclusion that the wording of the Constitution, article 12, section 3, did not restrict the provision of article 10, section

1, or of the County Law as to the term of office of the county clerk of Queens county.

Assuming that it was the intent of the framers of the Constitution to introduce the division between local officers and State officers as to the time of their election, the Constitution also set bounds to the extent to which that principle shall be applied, and those bounds are found in the wording of the Constitution.

The order is reversed and motion denied.

JENKS, P. J., STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Order reversed and motion denied, without costs.