John D. Bennett, S.
This is a motion for an order amplifying so much of this court’s decision of February 4, 1965, as stated that “ the executors may not satisfy the amount of the marital trust bequest in cash without adding to such bequest its proportionate share in the appreciation realized by the estate ” (Matter of McDonnell, 45 Misc 2d 57, 59).
Since the marital deduction legacy is an “ amount equal to the maximum marital deduction ”, there is no discernible fraction which would govern the widow’s rights in sharing in gains realized by the estate (see, e.g., Durbin, Marital Deduction Formula Revisited, 102 Trusts and Estates, p. 545).
The court is of the opinion that an equitable apportionment can be arrived at by a consideration of the relationship between the size of the marital bequest and the present size of the residuary trusts, excluding from such trusts any amounts attributable to appreciation during administration. This will place each trust, including the marital trust, in proper relation one to the other. The marital deduction trust’s fraction, therefore, will be the amount of such trust over the total of the three trusts as indicated above. Applying this fraction to the net appreciation less applicable taxes and administration deductions will result in the share of the marital deduction trust in net appreciation.