John D. Bennett, S.
This is a motion by the executors for the court to reconsider its decisions dated February 4, 1965 and April 20, 1965 (Matter of McDonnell, 45 Misc 2d 57 and 45 Misc 2d 1062 respectively) in view of the subsequent enactment (on July 2, 1965) of section 17-f of the Personal Property Law. The decedent’s widow, the objectant herein, moves to dismiss said motion and interposes a cross motion to have the executors and their attorneys examined to determine their knowledge of the enactment of section 17-f of the Personal Property Law and whether they prejudiced the rights of the objectant by not distributing her share prior to the enactment of said section.
Section 17-f of the Personal Property Law was specifically enacted in order to save the estate tax marital deduction in *969 those estates where the provisions of the will or trust instrument did not comply with ‘ ‘ Revenue Procedure 64-19 ’ ’ of the United States Internal Revenue Service issued on March 16, 1964 (Fourth Report of Temporary State Comm. on Modernization, Revision and Simplification of Law of Estates, N. Y. Legis. Doc., 1965, No. 19, App. 21, Report No. 5.4.2A, p. 6).
In effect the new statute provides that where a will does not otherwise expressly provide, and authorize the fiduciary in his discretion to satisfy a pecuniary marital bequest at a value other than that which exists on the date of distribution, the total assets selected by the fiduciary for that purpose must have an aggregate value on the date of distribution of no less than, and to the extent practicable no more than, the amount intended to be given by the testator as evidenced by the amount of the bequest or the formula to be employed.
The entire theory behind 64-19 (supra) was to prevent postmortem estate planning which enabled an executor to take full advantage of the marital deduction and then distribute valueless or less valuable securities to the surviving spouse in order to diminish taxes in her estate. (See App. 21 of Fourth Report of the Temporary State Comm., supra.)
In enacting this statute, the Legislature cured the tax problem by prohibiting the satisfaction of a marital deduction bequest with a distribution to the surviving spouse of assets worth less at the time of distribution than at the date of valuation for tax purposes.
However, the new statute not only provides for a minimum value but a maximum value: ‘1 and to the extent practicable to no more than, the amount of such bequest * * * as stated in, or determined by the formula stated in, the instrument ” (Personal Property Law, § 17-f, subd. 2, par. b). This provision was not necessary to protect estates from the 64-19 ruling and was enacted for the express purpose of seeing to it that the spouse received no more than what the testator intended her to have under a pecuniary bequest (App. 21 of Fourth Report of Temporary State Comm., supra).
In article “Third”, paragraph “ (A) ”, of the decedent’s will, he gave to his trustees a legacy “ in amount equal to the maximum marital deduction allowable in determining the Federal estate tax payable by reason of my death, diminished by the value of all other property and interests in property which shall be included in my gross estate for Federal estate tax purposes.”
Article “Third”, paragraph “ (B) ” of the will provides: “ Such legacy may be satisfied by distribution in cash or in kind or partly in cash and partly in kind and each item of property *970 or interest in property so distributed in kind shall be valued at the date or dates of such distribution or at the value determined therefor in the Federal estate tax proceeding in my estate, whichever value shall be lower ’
It is evident that the decedent’s will complied with “ Revenue Procedure 64-19 ” (supra) and did not have to rely on section 17-f of the Personal Property Law to enable it to obtain a marital deduction.
The Legislature, in the last clause (§ 2) of chapter 693 of the Laws of 1965 provided that the section shall take effect on enactment and “ shall apply to wills of decedents dying before or after such date ”. The purpose of making the section retroactive was to ‘ ‘ safeguard many hundreds, and possibly thousands, of New York estates against a complete loss of the estate tax marital deduction” (Fourth Report of Temporary State Comm., Report No. 5.4.2A, p. 61).
To construe the retroactivity of said section to apply to an estate where an accrued right exists, as evidenced by the decisions of this court that have been rendered prior to the enactment and which construed the decedent’s will as allowing the widow to share in the increments of. the estate, would do violence to the rights of the widow. The section was made retroactive to help an estate that was in danger of losing a marital deduction and not to annul the rights of a widow in an estate that did not need the legislation to use the marital deduction. Laws can be made retroactive when they benefit parties but cannot be enacted to deprive one of rights already established. A pre-existing right or liability, whether or not it is constitutionally protected from change, will not be affected by legislation, unless legislative intent to the contrary is obvious. The doubts, if any, will be resolved in favor of holding the subsequent statute to be prospective only (Burch v. Newbury, 10 N. Y. 374; see, also, Hastings v. Byllesby & Co., 293 N. Y. 413; Matter of Kania, 126 N. Y. S. 2d 395; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 51).
The court has the power to determine legislative intent in construing legislation, and retroactive statutes should be construed conservatively as the general rule is against such construction (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 51).
Although reading section 17-f at first blush would indicate that the statute is to be retroactive in all questions relative to the provisions set forth in the section, a study of Commission Report No. 5.4.2A and the legislative note indicates otherwise. The act was made retroactive only to the extent of saving the marital deduction in those estates where the provisions violated United *971 States Internal Revenue Procedure 64-19. To construe the statute otherwise raises serious constitutional questions regarding the taking of property rights which have vested.
In addition, this court has already determined the bequest to be fractional and not pecuniary. The legislative note to section 17-f specifically states: “This act does not prescribe when a bequest or transfer is to be deemed pecuniary, that being a matter of intention to be determined, when necessary, by judicial construction.”
Even if paragraph b of subdivision 2 of section 17-f were retroactive in all respects, said subsection applies only where the instrument does not otherwise expressly provide.
By expressly providing that the “in kind” values were to be determined at date of distribution value or value determined for estate tax purposes, “ whichever value shall be lower”, the testator’s intent was found to be that the objectant was to share in the increments and the bequest was fractional in nature with a safeguard for the widow’s benefit in case the estate depreciates during administration. Accordingly, the court finds no basis for reconsidering the construction of the decedent’s will as previously found and the motion is, therefore, denied.
In view of the above, the cross motion becomes academic. However, the executors should not be criticized for not making a distribution pending this reargument and a determination of an appeal that has been filed on the two decisions of this court mentioned above, or for withholding distribution when they had knowledge of pending legislation which could have a bearing on this issue, because to have done so could subject them to criticism from the residuary beneficiaries of the trust. An executor owes a duty to all of the beneficiaries. The cross motion is denied.