George L. Cobb, J.
On August 1,1972 the respondent board of education denied tenure to the petitioner, and, after reconsidering the matter on August 15,1972, adhered to its original determination. The respondent commissioner having dismissed the petitioner’s appeal to him from the action of the board, the petitioner has further appealed from the commissioner’s ruling to this court.
Despite the finality of the language of section 310 of the Education Law, it is now settled that, if the commissioner’s determination rested upon an erroneous interpretation of the language of any applicable statute, this court may award suitable relief (Matter of Union Free School List. No. 2 of Town of Cheektowaga v. Nyquist, 41 A D 2d 1003).
When the petitioner received her probationary appointment, the applicable statute (Education Law, § 3012) fixed the term of such appointment at three years, and, in her case, said period would expire on February 1, 1972. However, during the 1971 session of the State Legislature, the probationary period was increased, effective May 9, 1971 from three to five years (see L. 1971, ch. 116, § 1) but, at the same session, by separate enactment (see L. 1971, ch. 1102) the effective date was suspended until October 1, 1971. By section 5 of chapter 953 of the Laws of 1972, said chapter 116 of the Laws of 1971 was amended by first declaring that said chapter 116 should not apply to, among other persons, teachers, who, like this petitioner, had been appointed to a probationary period prior to May 9, 1971 but it then went on to say that the probationary period of teachers, who, like petitioner, had been so appointed, whose probationary period would have expired subsequent to May 9,1971 and on or before June 30, 1972 should be deemed to expire on the latter date. Section 8 of said chapter 953 of the Laws of 1972 declared that said section 5 of chapter 953 should be retroactive and deemed to have been in full force and effect on May 9,1971.
In rendering the decision which is here under review, the commissioner held that, by reason of the amendatory statutes hereinabove described, the three-year probationary period of the petitioner had been extended from February 1, 1972 until June 30, 1972. Furthermore, since she had not rendered any *916 service as a teacher between the latter date and the time the board of education denied her tenure, the commissioner held that no question of tenure by acquiescence was presented and accordingly dismissed her appeal. In this proceeding, the petitioner claims such ruling was invalid on a number of grounds.
The petitioner says that, by reason of the provisions of section 10 of article I of the United States Constitution, which says that “ [n]o State shall # # * pass any * * * Law impairing the Obligation of Contracts ”, the amendments to the statute cannot be interpreted as extending her three-year probationary period beyond February 1, 1972. It is true that, if section 3012 of the Education Law be construed as conferring upon the petitioner contractual rights, such rights may not be impaired by State action (Indiana ex rel. Anderson v. Brand, 303 U. S. 95, rehearing den. 303 U. S. 667). However, such statutory construction is authorized only when the statutory language evinces a legislative intention to confer rights contractual in nature and in many instances no such legislative intent may be found (see Teachers’ Tenure Law-Repeal-Modification, 147 A. L. R. 293). In the court’s viéw, the rule of Anderson (supra) is not applicable here, because “ no violence to the plaintiff’s contractual rights ” has been done by the statutory changes hereinabove described (Lapolla v. Board of Educ. of City of N. Y., 172 Misc. 364, 366, affd. 258 App. Div. 781, affd. 282 N. Y. 674).
Even though petitioner cannot prevail as a matter of constitutional law, the court believes a case can be made for the proposition that, at the time the State Legislature enacted section 1 of chapter 116 of the Laws of 1971, it intended it to have only prospective application, i.e., that only teachers appointed after its effective date would be required to serve a five-year, rather than a three-year, probationary term. The general rule in favor of prospective application (see Matter of Ayman v. Teachers’ Retirement Bd., 9 N Y 2d 119, 125), the presumption against retrospective application when the effect is to attach new disability to transactions or considerations at least in part already past (see Weiler v. Dry Dock Sav. Inst., 258 App. Div. 581, 583, affd. 284 N. Y. 630), and the literal language of section 3012 of the Education Law, i.e., “ [t] eachers * * * shall be appointed * * * for a probationary period ”, all bolster the case for prospective application only. Furthermore, the fact that said chapter 116 specified that it became effective 30 days after it became law and that that postponed date was fur- *917 fixer postponed by chapter 1102 of the Laws of 1971 also supports the case for prospective application only (Matter of Mulligan v. Murphy, 14 N Y 2d 223, 226).
If said chapter 116 be so interpreted, and said section 5 of chapter 953 of the Laws of 1972 had not been enacted, the commissioner could have ruled that the petitioner had acquired tenure by acquiescence, because, with the knowledge of the board and the superintendent, she continued to teach after February 1, 1972 and to receive her salary therefor. (Matter of Gunthorpe v. Board of Educ., Union Free School Dist. No. 5, Town of Babylon, 41 Misc 2d 757, 758.) However, her case, insofar as it rests on this theory, was destroyed by the enactment by the State Legislature of said section 5 of chapter 953.
As previously indicated, the latter statute purported to ¡extend the probationary term of certain teachers until June 30, 1972. If said chapter 116, upon its effective date, had no retroactive effect, the three-year probationary term of most of said teachers would have expired, and tenure action as to said teachers by local boards of education presumably would have been concluded before the Legislature ¡enacted said chapter 953. In other words, on June 8,1972 when the Legislature adopted said section 5 of chapter 953, most of the teachers whose status was to be affected by that statute would not be affected because the prospective only application of said chapter 116 had placed them beyond the reach of said section 5 of chapter 953. It cannot be assumed that the Legislature would adopt a statute which would have practically no effect, and therefore the enactment of said chapter 953 must be regarded as a declaration by the Legislature that they regarded said chapter 116 as applicable retroactively as well as prospectively.
While a legislative determination in 1972 as to their intention in 1971 in enacting said chapter 116 is not controlling on the court (People v. Ganly, 170 App. Div. 702, 706, affd. on opn. below 218 N. Y. 749), it is entitled to “ very great weight ” (Matter of Chatlos v. McGoldrick, 302 N. Y. 380, 388; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 75). In addition, statutes in pari materia, as are these two statutes, should, whenever possible, be interpreted together to make a consistent whole (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 221, subd. b). These considerations favor a retrospective application of said chapter 116, with the result, as noted by the commissioner, that no case for tenure by acquiescence is presented.
*918 The instant record indicates that the respondent board denied petitioner tenure primarily, if not solely, because it deemed her attendance record unsatisfactory. Petitioner says that her aggregate absences were well within the sick leave and personal leave allowances contained in the Taylor Law (Civil Service Law, art. 14) agreement which was then in effect and that the board may not deny her tenure solely because she exercised bargained-for employee rights. At least one case strongly supports her position (Matter of Di Prima v. Board of Educ., Cent. School Dist. No. 1, Towns of Brookhaven & Smithtown (N. Y. L. J., May 4, 1973, p. 21, cols. 2-3). However, in support of the board’s position, it may be argued that a contractual commitment to continue a probationary teacher’s salary, notwithstand- • ing her absence from her post of duty, should not preclude any consideration of her attendance record when measuring her effectiveness as a teacher.
While there was a time when the services of a probationary teacher might be discontinued without a hearing and without the giving of reasons therefor (Matter of Pinto v. Wynstra, 22 A D 2d 914, 915), the general rule is now subject to a number of exceptions. Tenure may not be denied to retaliate for an exercise of First Amendment rights (Matter of Bergstein v. Board of Educ., Union Free School Dist. No. 1, Towns of Ossining, New Castle & Yorktown, 42 A D 2d 591, mot. for lv. to app. granted 33 N Y 2d 516), nor because the teacher engaged in employee organization activities (Board of Educ. Cent. School Dist. No. 1, Town of Grand Is. v. Helsby, 37 A D 2d 493, affd. 32 N Y 2d 660). Furthermore, if a board, in violation of its employee agreement, failed to perform its contractual duty to evaluate the performance of a probationary teacher, it may not discharge that teacher without explanation, since that breach “ directly affects the teacher’s ability to improve Ms work and ultimately secure a tenured position ” (Board of Educ. of Chautauqua Cent. School Dist. v. Chautauqua Cent. School Teachers Assn., 41 A D 2d 47, 53).
tJpon the instant facts, the court knows of no appellate ruling directly in point (cf. Matter of Board of Educ. of City of Albany v. State Div. of Human Rights, 38 A D 2d 657, 658, affd. 30 N Y 2d 925) and it is not disposed to follow the rule of Matter of Di Prima (N. Y. L. J., May 4, 1973, supra).
The petition will be dismissed.