OPINION OF THE COURT
Lawrence J. Bracken, J.
Pursuant to the interim order of this court granted June 18, 1979, which order is incorporated in its entirety in this decision, the respondents, at the request of the petitioner, have submitted to this court copies of certain regulations contained in title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York, which said regulations were in effect for the period May 1, 1976 to and including June 30, 1977 and which regulations are applicable to' the reduction of the rate schedules established by the respondents insofar as they affect the said petitioner, which said reduction is set forth in the letter of the Acting Deputy Commissioner, Division of Health Care Facilities, respondent, dated June 15, 1977, and which said reductions are as follows: June 1, 1976 through December 31, 1976 — from $38.90 to $38.12; January 1, 1977 through March 31, 1977 — from $40.38 to $39.57. These reductions as set forth represent a calculated 2% rate reduction in the amount of reimbursement allowable to petitioner.
The basic relief sought by the petitioner in this proceeding is the annulling of the said determination of the Commissioner of Health in retroactively revising the said Medicaid reimbursement rates for the period of June 1, 1976 through March 31, 1977, by the imposing of a 2% penalty in respect thereto; the permanent enjoining of the respondents from seeking recoupment of the difference between the original reimbursement payments, as certified and approved, and the rates as retroactively reduced; or in the alternative, the remanding of this entire proceeding to the Commissioner of Health for the purpose of conducting a hearing with respect to the propriety of such rate reduction as imposed.
*91 The respondents have interposed six affirmative defenses and objections in point of law, as more fully set forth in their answer, which said defenses and objections may be summarized briefly as follows:
(1) 10 NYCRR 86-2.2 (c) mandated reduction of rate by 2% for the period June 1, 1976 to March 31, 1977;
(2) CPLR 217 is a bar to this proceeding since the final determination of the respondents dated February 28, 1978 was received by the petitioner March 4, 1978 and petitioner did not commence this proceeding until July 5, 1978 (one day after the four-month period);
(3) This proceeding should be transferred to the Supreme Court, Albany County;
(4) Since petitioner took no action after respondents’ letter dated May 24, 1976 granted a final extension for submission of report to May 31, 1976, until the commencement of this proceeding July 5, 1978, CPLR 217 is a bar to the proceeding;
(5) Based upon the defense of loches, the petitioner’s fourth cause for proceeding should be dismissed, since petitioner never challenged the extension granted by the respondents and limited to a total of one month;
(6) Assuming the existence of a due process question, the judicial scrutiny in the present proceeding satisfies due process requirements.
It is the claim of the petitioner that the action of the respondents was in excess of authority, contrary to law, and arbitrary, capricious and unreasonable, since such reduction was imposed retroactively (first cause for proceeding); that the action resulted from petitioner’s rate appeal for the period April 1, 1977 to December 31, 1977 (second cause for proceeding); that the petitioner was given advance notice of the reimbursement rate for the period January 1, 1976 through March 31, 1977, that the petitioner relied upon such established rate and that, as a result, the respondents are estopped from enforcing the rate reduction (third cause for proceeding); that the failure of the respondents to extend beyond May 31, 1976, the time for the filing of the 1975 HE-2P report, was an abuse of discretion, arbitrary, capricious and unreasonable (fourth cause for proceeding); and that the denial of the petitioner’s request for a hearing in connection with the 2% rate reduction deprived the petitioner of valuable rights and *92 property without due process of law in violation of the Federal and State Constitutions (fifth cause for proceeding).
At the outset the petitioner urges that the cost-related standards as applied by the petitioner were inapplicable to the rate reimbursement for the period January 1, 1976 to and including March 30, 1977, which would obviate the critical necessity for cost reports. This court does not agree with such a contention but determines that such standards, together with the proven efficiency of a facility’s operation and program management and quality of patient care, was a reasonable basis for the rate reimbursement involving the period commencing January 1, 1976.
As set forth in the interim order of this court granted June 18, 1979, the letter of the Acting Deputy Commissioner dated June 15, 1977 stated in part: "Part 86-2.2(c) states that the State Commissioner of Health shall reduce the current rate by two percent when required financial and statistical data is not submitted on or before the due date. The due date for this facility was extended to May 31, 1976. The HE-2P report was received by the Health Department on April 5, 1977. Pursuant to the above, a penalty of two percent has been levied against the rates effective from June 1, 1976 through March 31, 1977.”
The regulation in effect from May 31, 1975 to September 30, 1976 applicable to submission of required financial and statistical reports was 10 NYCRR 86.3 (c): "In the event a medical facility* fails to file the required financial and statistical reports on or before the due date, the State Commissioner of Health may, for the subsequent rate period, certify an existing rate or a reduced rate as deemed to be appropriate. Such rate will be continued from the beginning of the rate period for a period of not less than one month nor more than the elapsed time to the nearest month between the required filing date and the submission of the report.”
Effective September 30, 1976, 10 NYCRR 86-2.2 (c) provided: "In the event a residential health care facility fails to file the required financial and statistical report on or before the due dates, or as the same may be extended pursuant to subdivision (b) of this section, the State Commissioner of Health shall reduce the current rate by two percent for a period beginning *93 on the first day of the calendar month following the due date of the required report and continuing until the last day of the calendar month in which said report is filed.” There were no further amendments until subsequent to June 30, 1977.
The pertinent regulation, therefore, which specifically mandates the reduction by the State commissioner, was filed and became effective as at September 30, 1976. This regulation, 10 NYCRR 86-2.29, establishes the effective date of the pertinent regulation as being on or after January 1, 1976. While it has been determined that the commissioner has the right to apply retroactively to the period commencing January 1, 1976 those rates and regulations promulgated as at September 30, 1976, the issue of the imposition of penalties was not considered (see Matter of Kaye v Whalen, 44 NY2d 754). The obligation imposed by 10 NYCRR 86-2.2 (c) does not concern itself with a rate or regulation utilized to recompute and retroactively apply such rate for reimbursement or adjust rates after audit (see Matter of Kaye v Whalen, supra).
The general rule that statutes are to be considered as prospective is applicable to statutes relating to penalties and, in the absence of a clear expression of the legislative intent to the contrary, the statute will not be retroactively applied (Matter of Mulligan v Murphy, 14 NY2d 223). This court holds that the provision of 10 NYCRR 86-2.2 (c) assessing a 2% reduction in rate is in fact a statutory penalty, which said penalty cannot be assessed for a period prior to the promulgation of such penalty (cf. People ex rel. Pincus v Adams, 274 NY 447, 454). The imposition of such penalty retroactively to June 1, 1976 by the respondents was therefore illegal, null and void.
This court further holds that the commissioner was mandated, pursuant to 10 NYCRR 86-2.2 to reduce the rate from and after October 1, 1976 through March 31,1977.
In addressing the six affirmative defenses and objections in point of law of respondents, as set forth, supra, the court makes the following observations:
(1) The court has indicated in its above holding the effective dates of 10 NYCRR 86-2.2 (c) as covering the period October 1, 1976 to and including March 31, 1977, in order to comport with requirements of law.
(2) This court takes judicial notice that July 4, 1978, the final day for commencement of this proceeding within the four-month period as construed by both petitioner and respon *94 dents, was in fact a legal holiday, thereby allowing an extension of one day within which to file (General Construction Law, §§20, 24). The causes of proceedings herein accrued March 4, 1978, the date petitioner received the final determination of the respondents. Further, the respondents imposed the penalty by letter dated June 15, 1977 and the petitioner then timely and properly exhausted his administrative remedies, which culminated in the final determination of the respondent by letter dated February 28, 1978, of Gary M. Ikler, Secretary of Rate Review Board, Department of Health, Office of Health Systems Management, State of New York, which was received by petitioner March 4, 1978.
(3) CPLR 506 does not mandate the transfer of this cause to the Supreme Court, Albany County, and the respondents have made no motion or demand for such transfer pursuant to CPLR 510 and 511.
(4) Petitioner has not demonstrated any basis for justifying the failure to submit the necessary report in a timely fashion and/or seek an additional extension of time within which to file such report.
The final matter for consideration by this court is whether the failure of the commissioner to conduct a hearing concerning the issue of the propriety of the rate reduction violated a due process right of the petitioner. There is no question that the application of the 2% reduction in rate as set forth in the pertinent regulation is nondiscretionary, and there is likewise no issue that the petitioner failed to file the said report until March — April, 1977. There is no issue here involving a proposed rate revision within the purview of 10 NYCRR 86-2.14, which proposed revision would require an evidentiary hearing, and as noted above, the petitioner has totally failed to demonstrate any basis for its delay in so submitting a timely report or its total failure in seeking an additional extension of time within which to so submit such report. Accordingly this court can find no basis for directing the commissioner at this time to conduct such a hearing. It must be further noted that once it has been demonstrated that the provider of services has failed to comply with 10 NYCRR 86-2.2, there exists no further discretion in the commissioner to relieve such failure of compliance.
This court has also concluded that the imposition of the 2% reduction affects those billings for patient days involving the period wherein the said petitioner failed to file the required *95 report. In addition, the fact that the provider is advised of the mandated rate reduction subsequent to the late filing of the required report has no relevance since the provider is charged with knowledge of the regulation.
Based upon the foregoing findings and determinations, this court modifies the determination of the respondents to reflect October 1, 1976 as the commencement date of the said rate reduction of 2%. The petition therefore is granted to the extent herein set forth and is otherwise denied in its entirety.

 Residential Health Care Facility operated by the petitioner was included within the purview of Medical Facility (10 NYCRR 86.1, amd as of April 24, 1973, renum Sept. 1,1976 — 10 NYCRR 86.1.1).