OPINION OF THE COURT
Morrie Slifkin, J.
Defendant Suzanne Reznik was a tenant of an apartment in Mamaroneck in premises which were subject to regulation under the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8621 et seq.; L 1974, ch 576, § 4, as amended). Pursuant to her lease, defendant was obligated to pay to the landlord $397.14 per month. On November 1, 1982, defendant sublet the apartment to plaintiffs for the sum of $525 per month. They paid this sum to defendant for 20 months after which they ceased making any payments to defendant but proceeded to pay directly to the landlord the sum of $397.14 per month. At the same time, plaintiffs commenced this suit, alleging that the rent reserved in the sublease amounted to overcharging of $127.86 per month and that plaintiffs were entitled to treble damages.
The statute upon which plaintiffs rely was enacted June 30, 1983 and became effective on that date. It provides as follows:
*1036 "Units subject to this law may be sublet * * * provided that (a) the rental charged to the subtenant does not exceed the legal regulated rent plus a ten percent surcharge payable to the tenant if the unit sublet was furnished with the tenant’s furniture * * * (e) where a tenant violates the provisions of subdivision (a) of this section the subtenant shall be entitled to damages of three times the overcharge” (McKinney’s Uncons Laws of NY § 8630-a; L 1983, ch 403, § 57).
The primary issue in this case, raised by affirmative defense, is whether the statute has retrospective application so as to affect a sublease entered into prior to its enactment. For the reasons expressed hereinafter, the court finds that it does not and that the complaint should be dismissed.
Although it is not inflexible, there is a presumption that statutes are intended to operate prospectively only and are directed to the future. It is to be presumed that a law was intended to furnish a rule of future action to be applied to cases arising subsequent to its enactment (Huttlinger v Royal Dutch W. India Mail, 180 App Div 114; Standard Chems. & Metals Corp. v Waugh Chems. Corp., 231 NY 51; 56 NY Jur, Statutes, § 267). Where rights have accrued, the courts are loathe to take such rights away by subsequently enacted legislation. As was stated in Matter of McDonnell (47 Misc 2d 967, 970): "A pre-existing right or liability, whether or not it is constitutionally protected from change, will not be affected by legislation, unless legislative intent to the contrary is obvious. The doubts, if any, will be resolved in favor of holding the subsequent statute to be prospective only”. Where the statute creates a new cause of action (see, City of Corning v Corning Police Dept., 81 Misc 2d 294), attaches a new disability to past transactions (Matter of Mugavin v Nyquist, 78 Misc 2d 914), or creates a penalty (Matter of Maggio v Whalen, 102 Misc 2d 89), its operation will be judicially construed as being prospective.
In this case, prior to the enactment of section 8630-a, there was no restriction on the amount that could be set forth as rent in a sublease. The enactment of section 8630-a created a cause of action where none had existed before; it gave to subtenants a new right with a concomitant remedy together with a penalty of treble damages. This was not merely an alteration, in the form of a prior remedy which would constitute an exception to the rule of prospective application: "To supply a remedy where previously there was none of any kind, is to create a right of action” (Jacobus v Colgate, 217 NY 235, *1037 240 [Cardozo, J.]). For this reason, the court rejects plaintiffs’ assertion that the statute relied upon is merely remedial.
It may be argued that the new statute merely covered a glaring loophole in the over-all regulatory scheme. But, whether the prior omission of subleases from regulation as to rent amount was through design or oversight is not determinative. "The decisive consideration here is that until the statute was adopted, no remedy of any kind was available in any court. It is not a sufficient answer to say that the old rule was unjust and technical.” (Jacobus v Colgate, supra, p 244.)
Consequently, the court finds that the statute upon which plaintiffs’ complaint rests has prospective application only and does not apply to the sublease entered into between the parties.
The court notes that even if the statute applied to this sublease, there would be no imposition of treble damages in this case. Treble damages are punitive in nature and their imposition requires a measure of conduct bordering on willfulness. In this case, there could not have been the necessary intent as a matter of law, since the statutory standard was not in existence at the time the sublease was executed. Moreover, the court finds that the statute is defective in not providing any means whereby the overcharging tenant-sublessor will avoid treble damages by establishing lack of wrongful intent. This oversight is the more egregious when compared with the provision of McKinney’s Unconsolidated Laws of NY § 8632 (L 1983, ch 403, § 4). There, an overcharging landlord may avoid treble damages by establishing by a preponderance of the evidence that the overcharge was neither willful nor attributable to his negligence. Obviously, the tenant as landlord must be given the same benefit and, if applicable, the court would have done so in this case.
Because it finds the statute not to have been retroactive, the court does not deal with the question of whether retroactivity would have been constitutional. The court does note, however, that plaintiffs’ position that constitutionality has been established by the case of Vance v Century Apts. Assoc. (61 NY2d 716) is misplaced. That case involved a change in the remedy available to tenants pursuant to Real Property Law § 226-b when a landlord unreasonably withholds his consent to a sublease. The unreasonable refusal to consent was a recognized wrong before and after the statutory amendment; only the remedy available to the tenant was altered. If anything, *1038 the distinction between the issue in Vance and the issue in this case highlights the rationale upon which the determination herein has been made. Where the statutory change is more than remedial, and where the change would infringe upon existing contract rights if made applicable thereto, whether or not the infringement rises to constitutional proportion, the courts will not strain to arrive at a retrospective application.
The holding of the court moots the disagreement between the parties as to whether the sublease qualifies for the 10% surcharge of section 8630-a. Therefore, the court makes no determination as to whether the evidence supported a finding that the apartment unit was "furnished with the tenant’s furniture.”
For the foregoing reasons, the court finds for defendant. The complaint is dismissed.