Thomas P. Farley, J.
In this proceeding pursuant to article 78 of the Civil Practice Law and Rules, the petitioner prays for a judgment directing her reinstatement to the position of assistant principal of the Junior-Senior High School in Union Free School District No. 5, Town of Babylon, County of Suffolk, State of New York.
The papers submitted reveal: that the petitioner on or about September 19, 1960 was appointed Junior High School principal; that on November 1, 1961 the secondary school became a Junior-Senior High School; that petitioner was thereupon designated as assistant principal of the Junior-Senior High School; that on August 22, 1963, orally, and on August 24, 1963, in writing, the respondent School District notified petitioner that at the conclusion of her probationary term on September 19, 1963 she would not receive a tenure appointment.
It is the contention of the petitioner that she was entitled to 30 days’ written notice that on September 19, 1963 when her probationary term expired, she would not receive a tenure appointment. Reliance is placed on section 3019-a of the Edu *758 cation Law (L. 1960, ch. 557, eff. May 1, 1960) to support that contention. That section requires the giving of 30 days’ written notice when the services of a teacher are to be terminated “ during the probationary period”. (Italics supplied.) Assuming without deciding that the statute requires such notice to one who is a principal, as well as to a teacher, here the termination of the petitioner’s services was not to be “ during” the probationary period but at the “end” of said period. Accordingly, it may not be held that such notice is required where the full probationary period will have expired before the termination of services becomes effective. As a matter of fact, were the respondent board to discontinue the services of the petitioner “ during ” the probationary period, the recommendation of the district superintendent for such dismissal would be necessary (Education Law, § 3013, subd. 1); whereas it is well settled that even though a district superintendent recommends a tenure appointment, the board is not foreclosed from denying tenure (Matter of McMaster v. Owens, 275 App. Div. 506).
Moreover, even if it be assumed that a notice under section 3019-a were required and an insufficient notice were to be regarded as no notice, the papers submitted do not contain any facts from which it could be held that the petitioner acquired tenure by acquiescence or estoppel. As stated in Matter of Downey (72 St. Dept. Reports 29, 30, 31): “ Under the provisions of section 3013 of the Education Law, tenure is granted to teaching personnel upon the recommendation of the district superintendent, by a majority vote of the board of education, on or before the expiration of the probationary period. In other words, in order for a teacher to be placed on tenure, it is necessary, first, that the district superintendent recommend that such action be taken and, secondly, that the board of education, on or before the expiration of the probationary period, and by majority vote, adopt a resolution to do so.
1 £ In addition to the above method of being granted tenure, a teacher may also acquire tenure by estoppel. Such a situation would exist where a teacher continues to teach beyond the expiration of the probationary term, with the full knowledge and consent of the board of education and the superintendent and where the board continues to pay the teacher. In such cases, the board would be estopped from dismissing the teacher on the sole basis of its own failure to take the full action required by law for the purpose of granting tenure.” (See, also, Matter of Nyboe v. Allen, 10 Misc 2d 895, 898, affd. 7 A D 2d 822.) It is not alleged that the petitioner herein has continued to perform: the services performed by her prior to September 19, 1963 or *759 that she had been paid for services rendered in that position since that date. The mere passage of time is not of itself a sufficient base upon which a finding of estoppel or acquiescence could be made.
In view of the fact that the Legislature has given the power to the board to deny tenure under the situation presented, this court may not refer to the admitted ability and experience of the petitioner (the superintendent having recommended that she have tenure) or pass upon the motives or wisdom of the board. The function of the court is to interpret and not to legislate.
Accordingly, the petition is dismissed.