Memorandum. The Family Court Act makes a distinction between a person adjudged a “ juvenile delinquent ’’ and a person adjudged a “ person in need of supervision ”, a new category created for children previously classified as delinquent ('though they had committed no crime) (Family Ct. Act, § 712, subds. [a], [b]). Persons so adjudicated are respectively accorded different dispositions. Adjudications for purposes of section 753 and section 754 are “ placed ” pursuant to section 756 but when a person is adjudged a “ juvenile delinquent” because of any act which, if committed by an adult, would be a crime under certain designated sections of the Penal Law he, if a male, would be “ committed ” to the Elmira Reception Center and, if a female, “ to the care and custody ’ ’ of certain designated places or “ other appropriate institution authorized, by law to receive such persons or to the care and custody of a suitable institution maintained by the state * * * such as, Westfield state farm” (§ 758). The statute makes no provision for the disposition of a “ person in need of supervision ” other than as provided in section 756. Under such statutory scheme the 17-year-old girl having been adjudicated a “ person in need of supervision ” should not have been placed at Westfield State Farm, which is a correctional institution to which certain juvenile delinquents may be committed (Penal Law, § 2187-a; Correction Law, § 270; Family Ct. Act, § 758). That being so, the Family Court was without the power and jurisdiction to make an order placing the child adjudicated as a ‘ ‘ person in need of supervision” in the Westfield State Farm. Since the Family Court had no power to make the order initially, it was void ah initia for all purposes including the power to hold the Superintendent of Westfield State Farm in contempt for refusal to accept the placement (People ex rel. Lower v. Donovan, 135 N. Y. 76). So viewed, we do not pass on the contempt powers of the Family Court Act (§ 156).
*907 The order appealed from should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
Order affirmed.