In the Matter of the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court, Albany County, dismissing a petition brought pursuant to article 78 of the CPLR to annul a determination of the Commissioner of Education. Respondent, Adele W. Timpson, who has a license and tenure as an assistant to principal in the New York City school system, was assigned by the Board of Education as acting principal of P. S. 100 in Manhattan in 1961, and has been reassigned to that position annually to this date. During this period she has performed all of the duties of a principal, but has never been appointed to that position or paid the appropriate salary because she never passed the required examination for a license as a principal of a day elementary school. Mrs. Timpson has taken, and failed, such examination on six separate occasions. In December, 1969 Mrs. Timpson appealed to the Commissioner of Education (see Education Law, §§ 310, 2573 [subd. 6]) from the Board of Education's refusal to grant a license as principal and requested that the board be directed to issue such license, appoint her as principal with tenure, and pay her the appropriate salary from 1961, *nunc pro tunc*. The Commissioner sustained her appeal to the extent of directing the board to "adjust" Mrs. Timpson's title and to compensate her accordingly in the future. The Commissioner premised his decision on a prior opinion in which he ruled that teachers who performed supervisory duties under "acting" titles for a period in excess of the maximum period of probation had acquired tenure in such "acting" titles. The board then instituted this proceeding which Special Term dismissed on the ground that the decision was not purely arbitrary since the Commissioner had ruled similarly on prior appeals. The instant appeal to this court then ensued. Section 310 of the Education Law does not prevent judicial review of a decision which is purely arbitrary or illegal (*Matter of Vetere* v. *Allen,* 15 N Y 2d 259; *Matter of Board of Educ. of City of N. Y.* v. *Allen,* 6 N Y 2d 127; *Matter of Ross* v. *Wilson,* 308 N. Y. 605; *Matter of Lubell* v. *Nyquist,* 31 A D 2d 569, mot. for lv. to app. den. 23 N Y 2d 645; *Matter of Board of Educ.* v. *Allen,* 14 A D 2d 429, affd. 12 N Y 2d 980). And where the Commissioner makes an erroneous determination on a question of law, his decision is, in a legal sense, purely arbitrary and thus reviewable (*Matter of Ross* v. *Wilson, supra,* p. 617). Section 6 of article V of the New York Constitution provides in pertinent part that: "Appointments and promotions in the civil service of the state and all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable by examination which, as far as practicable, shall be competitive". This constitutional provision applies to school districts (*Palmer* v. *Board of Educ.,* 276 N. Y. 222) and the Legislature has established that the merit and fitness of appointees in the supervisory service of the City School District of the City of New York shall be ascertained by open qualifying examinations and directed that all appoint-

ments and assignments to such positions be made from persons on qualifying eligible lists based on such examinations (*Education Law*, §§ 2590-j, 2573, subds. 9–10). The Commissioner's decision, in effect, compels the board to appoint Mrs. Timpson to the position of tenured principal in direct contravention of the Constitution and applicable statutes and is thus purely arbitrary and cannot be sustained (*Palmer* v. *Board of Educ., supra,* p. 229). Subdivision 5 of section 2573 of the Education Law, which provides that teachers or persons in the supervisory service who have served the full probationary period shall have tenure, and upon which the Commissioner apparently relied, presupposes a valid probationary appointment from an eligible list and is thus inapplicable in the present case. Similarly, *Matter of Mannix* v. *Board of Educ.* (21 N Y 2d 455) and *Matter of Kobylski* v. *Agone* (37 Misc 2d 255, affd. 19 A D 2d 761) are not apposite here. Accordingly, the judgment appealed from should be reversed. However, since the Commissioner has not served an answer, the relief prayed for in the petition may not be granted at this stage of the proceeding (CPLR 7804, subd. [f]) and the matter must be remanded to permit the Commissioner to answer the petition. Judgment reversed, on the law, with costs, and proceeding remitted to Special Term to permit the Commissioner to answer the petition. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.