■  In the Matter of WILLIAM LA BARR, Respondent, v. GEORGE MOTOYAMA et al., Constituting the Board of Education of the Union Free School District No. 1, Town of Hempstead, Appellants.— In a proceeding pursuant to article 78 of the CPLR to review appellants' determination dated July 5, 1972, (1) denying petitioner tenure as a teacher in appellants' employ and (2) terminating his employment, the appeal is from a judgment of the Supreme Court, Nassau County, dated December 4, 1972, which annulled the determination, reinstated him, effective September 1, 1972, and directed that all moneys and salary due him from September 1, 1972 shall be paid to him on or before December 15, 1972, with interest from September 1, 1972. Judgment modified, on the law, by adding a decretal paragraph thereto permitting appellants to offset any moneys earned by petitioner during the period between the effective date of his discharge and the effective date of his reinstatement. As so modified, judgment affirmed, without costs, and matter remitted to Special Term for proceedings not inconsistent herewith. In our opinion, appellants are entitled to offset any moneys earned by petitioner during the period in which the termination of his employment was in effect. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

■  In the Matter of ANNA RYAN, Respondent, v. JOSEPH RYAN, Appellant.— In a family offense proceeding (Family Ct. Act, art. 8) in which an order of protection had been granted by the Family Court, Westchester County, on July 12, 1972, in favor of petitioner against her son, the latter appeals from an order of the same court, dated March 2, 1973 and made after a court appearance by the parties, which committed him to the Westchester County Penitentiary for a term of 90 days for failure to obey the order of protection. Order reversed, on the law and the facts, without costs and proceeding remitted to the Family Court, Westchester County, for a hearing and further proceedings not inconsistent herewith. In the proceeding for violation of the protection order, no proof was taken and appellant was never advised of his right to be heard and to present witnesses. Therefore, the minimal requirements of due process were not complied with (cf. *Matter of Emerick* v. *Emerick*, 24 A D 2d 872). Consequently, the determination that appellant had willfully failed to obey the order of protection was not based upon the requisite quantum of proof (Family Ct. Act, § 846). Munder, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.