■ In the Matter of MAUREEN ˌMUGAVIN, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 15, 1974 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78 to annul the decision of the Commissioner of Education which upheld the determination of respondent Board of Education denying petitioner tenure and terminating her services. For purposes of this appeal, it is agreed that petitioner's probationary period as a teacher in the employ of the respondent board commenced on February 1, 1969, the effective date of her employment to fill the vacant regular position of a language teacher who had resigned. At that time, pursuant to section 3012 of the Education Law, her probationary term was for three years and would have expired on February 1, 1972, but subsequent statutory amendments (L 1971, ch 116; L 1971, ch 1102; L 1972, ch 953) had the net result of postponing the expiration date until June 30, 1972. On August 1, 1972, despite the fact that she had received the favorable recommendation of the superintendent of schools, the board voted to deny petitioner tenure and, in a letter to her the following day, cited her attendance record during the probationary period as a basis for its action. After she then submitted a statement from her personal physician in regard to her health and the dates on which she had received medical treatment, the board reconsidered and confirmed its original decision on August 15, 1972. Both the Commissioner of Education and Special Term sustained this

result and, accordingly, this appeal ensued. At the outset, we note that section 310 of the Education Law does not prevent judicial review of a decision of the commissioner which is purely arbitrary or illegal, such as an erroneous determination on a question of law *(Matter of Board of Educ. of City of N. Y. v Nyquist,* 37 AD2d 642, affd 31 NY2d 468). Also, since section 3012 of the Education Law creates no contractual or vested rights in petitioner, but merely declares legislative policy (see *Lapolla v Board of Educ. of City of N. Y.,* 172 Misc 364, affd 258 App Div 781, affd 282 NY 674), amendments thereto subsequent to petitioner's original appointment could serve to alter her probationary term without impairing any contractual obligations. With these factors in mind, we find petitioner's argument that she obtained tenure by acquiescence and estoppel to be without merit. The amendments, noted above, to section 3012 of the Education Law must, if they are to make any sense, be interpreted as applying to a teacher in petitioner's position. Pursuant thereto, her probationary period of employment ended on June 30, 1972 and then, on July 18, 1972, the school superintendent recommended her for tenure. Within two weeks thereafter, the board denied her tenure and terminated her services. Under these circumstances, it is our opinion that the board acted with considerable dispatch and that, certainly, there was an insufficient passage of time to warrant a finding of acquiescence and estoppel. Moreover, it does not appear that petitioner rendered any active service to the school district from June 30, 1972 until her termination. Pursuant to the commissioner's interpretation of the Education Law, which is entitled to great weight *(Matter of Nyboe v Allen,* 7 AD2d 822), tenure by acquiescence and estoppel may only be acquired through actual service beyond the term of probation *(Matter of Gunthorpe v Board of Educ. of Union Free School Dist. No. 5, Town of Babylon,* 41 Misc 2d 757). Petitioner's additional contention, that she cannot properly be denied tenure based upon her attendance record since she did not exceed the number of absences allowed under the collective bargaining agreement between the teachers and the school district, is likewise without merit. Here, petitioner was admittedly absent on the average of one day a month, and while some of the absences were for medical reasons, the others were unexplained. An agreement that petitioner will receive her salary, notwithstanding a certain number of absences from work, does not preclude the board from a consideration of her attendance record when measuring her effectiveness as a teacher relative to the question of tenure. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur. [78 Misc 2d 914.]