George L. Cobb, J.
In this article 78 proceeding, the board of education of a union free school district challenges the determination of the respondent Commissioner of Education that, when the petitioner district eliminated one position of elementary school principal, the respondent Doremus, rather than the respondent Fenton, should have been retained in her employment.
The respondent Doremus was appointed a full-time elemen *956 tory principal in September, 1973 and the respondent Fenton was similarly appointed in September, 1974. At the time of their appointments, the applicable tenure statutes (Education Law, §§ 3012, 3013) stated that such appointees might be discharged at any time upon the recommendation of the superintendent of schools by a majority vote of the board of education (see L 1971, ch 116, §§ 1, 3). Accordingly, at the time of these appointments, these appointees could never achieve tenure protection.
In 1975 the provisions for appointment on tenure of school principals, except district principals, after the completion of three years of probationary service were restored to the aforesaid tenure statutes (L 1975, ch 468) and the petitioner board thereupon appointed each individual respondent to a three-year probationary term as elementary principal effective September 1, 1975. However, when in March, 1976 the board abolished one elementary principal position in the district, the respondent Doremus was notified that, because of this circumstance, her services would be terminated as of June 30, 1976.
Subdivision 2 of section 2510 of the Education Law says that "[wjhenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued” and our Court of Appeals has already decided that that statute is applicable, not only to tenured employees, but to probationary ones as well (Matter of Lezette v Board of Educ., 35 NY2d 272). If seniority under the said statute includes only service pursuant to the said probationary appointments, neither individual respondent has seniority rights as against the other; whereas, if all full-time service as an elementary principal counts, the respondent Doremus has one year’s seniority over the respondent Fenton. The petitioner board of education adopted the former approach, but the respondent commissioner adopted the latter and ordered the petitioner to restore the respondent Doremus to her employment as an elementary principal.
Although rationality is what is being reviewed by the court in this proceeding (Matter of Pell v Board of Educ., 34 NY2d 222, 231), it is the rationality of the commissioner’s decision, rather than the board’s, which is at issue. This is so because the respondent commissioner, upon an appeal to him, is expressly authorized to examine and decide the questions so presented to him and in so doing he is authorized to substitute *957 his judgment for that of the officer’s whose decision is the subject of the administrative appeal (Education Law, § 310; Matter of Board of Educ. v Allen, 6 NY2d 127, 141). As previously indicated, if the commissioner’s action has a rational basis, it must be sustained (Matter of Pell v Board of Educ., supra). Furthermore, when the issue involved is the construction of a statute, the commissioner’s practical construction is entitled to "great weight” (Matter of Mugavin v Nyquist, 48 AD2d 727, 728, affd 39 NY2d 1003), and if not irrational or unreasonable, should be upheld (Matter of Lezette v Board of Educ., supra, p 281).
The seniority concept popularly demands that, when there is a layoff of employees, the "last hired shall be the first fired”. In interpreting the subject statute, the commissioner has applied that concept in its purest form without adjustment for the fact that some of the service of the individuals involved cannot be counted for purposes of tenure. However, the court does not find that omission to be irrational, and, accordingly, the petition will be dismissed.