OPINION OF THE COURT
George L. Cobb, J.
In this article 78 proceeding, the petitioner, who is a trooper in the,Division of State Police, seeks a mandamus-type judgment which would order the respondents to transfer him from SP North Syracuse to SP Fulton.
The applicable Taylor Act (Civil Service Law, art 14) agreement states, in part, that "[t]he State shall continue its policy of transferring members based on- the best interests of the Division, including consideration of special qualifications, and where those factors are relatively equal, then seniority shall be the basis for the granting of requests for transfers to other troops” (art 19, subd 1, par a), and says further that if the *280 member requesting a transfer is not satisfied with the reason given him for a denial of his request, "the matter shall then be a proper subject for the grievance procedure and a grievance may be instituted at Step Four” (art 19, subd 1, par d).
The petitioner asked for a transfer in 1975 and has not received it, although since then less senior troopers have been so transferred. Although he prosecuted his instant complaint as a "noncontract grievance” through the fifth step of the grievance machinery described in the said Taylor Act agreement (art 15), he has been denied relief for the stated reason that in the past he has been absent a substantial number of days due to a work-related injury and further extended absences for the same cause are anticipated in the immediate future. Because of such circumstances, it is said, his transfer from a station staffed by approximately 50 officers and men to a station staffed by but 17, 4 of whom are not available for regular duty, would adversely affect the manner in which the division discharges its official duties. Upon allegations that his past and prospective absences are not voluntary; that, because of the location of his residence, the respondents’ failure to honor his transfer request has caused him and his family serious and substantial hardships; and that the respondents’ said rulings are "arbitrary and capricious and contrary to the collective bargaining agreement between the parties”, petitioner asks the court for judicial relief.
Unless the said action of the respondents was taken "without sound basis in reason * * * [or] * * * without regard to the facts”, this court may not interfere (Matter of Pell v Board of Educ., 34 NY2d 222, 231). Even if most of petitioner’s absences were due to a work-related injury, and, therefore, excusable, the respondents could properly consider his over-all attendance record in passing upon his application for a transfer (Matter of Mugavin v Nyquist, 48 AD2d 727, 728, affd on memo at App Div 39 NY2d 1003). Accordingly, the respondents’ said determination was rationally based and may not be overturned.
The petition will be dismissed.