■ In the Matter of NEW PALTZ CENTRAL SCHOOL DISTRICT et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Casey, J. Proceeding pursuant to Executive Law § 298 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based on sex.

Respondent Patricia Erne, a physical education teacher employed by petitioner New Paltz Central School District (hereinafter the District), coached the District's co-ed high school tennis team from 1977 through the spring of 1982. Before the start of the 1982-1983 school year, a determination was made to create separate tennis teams, with the girls' team playing in the fall and the boys' team in the spring. In June

1982, Erne applied to coach both teams and shortly thereafter she was appointed as coach of the girls' team for the fall semester.

Before the beginning of the spring tennis season, Erne was informed that her application to coach the boys' team was denied. According to petitioners, her application was denied due to the 11½ days that she was absent from June 1982 to February 1983. The District appointed a male, the only applicant to respond to the District's advertisement, to coach the boys' tennis team for the spring of 1983. Erne filed a sex discrimination complaint with respondent State Division of Human Rights (hereinafter the Division). After a hearing, the Division determined that petitioners discriminated against Erne on the basis of sex.

The determination of sex discrimination is based largely upon the conclusion that the District used its policy regarding absences as a "pretext" to deny Erne's application to coach the boys' tennis team. This conclusion was drawn from the lack of any direct proof that Erne's absences actually affected her ability to coach tennis. Regardless of whether a teacher's attendance record is a valid, job-related factor which can be considered by a school district in making employment decisions (see, Matter of Mugavin v Nyquist, 48 AD2d 727, affd 39 NY2d 1003), the record contains no evidence that the District applied this policy as a pretext for denying Erne's application for the coaching position due to her sex. On the contrary, there is undisputed evidence in the record that during the same school year that the District applied the policy to Erne, it also denied a coaching position to a male teacher due to excessive absenteeism. Noticeably absent from the Division's determination is any attempt to harmonize this undisputed evidence of the District's application of its policy on absenteeism to a male teacher with the finding that the policy was a mere pretext for discriminating against Erne because she is female. In these circumstances, the Division's determination is irrational and lacking in substantial evidentiary support; it must therefore be annulled.

Mahoney, P. J., Mikoll and Harvey, JJ., concur.

Crew III, J. (dissenting). I respectfully dissent. The sole issue before this court is whether there is substantial evidence to support the Division's determination (see, City of Schenectady v State Div. of Human Rights, 37 NY2d 421, 423). If the findings of fact, on which the order of the administrative agency was based, are supported by sufficient evidence on the record considered as a whole, they are conclusive and the

order should not be disturbed *(supra,* at 424; *see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179). We are mindful that "discrimination is rarely so obvious or its practices so overt that recognition of it is instant and conclusive, it being accomplished usually by devious and subtle means" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 183) and that in weighing the evidence regarding petitioners' justification for not appointing Erne, the Division enjoys wide latitude *(see, Matter of New York City Bd. of Educ., Community School Dist. No. 1 v Batista,* 54 NY2d 379, 384).

In the instant proceeding, the District's policy concerning the appointment of coaches did not include a criteria for consideration of absences. Petitioner Mario Scalzi implemented an unwritten discretionary requirement that attendance would be a factor in determining whether to appoint applicants for coaching positions. Male applicants for coaching positions in the District were hired without consideration of their absences. However, Erne was denied an appointment as coach based upon her absences. Given that Erne established the co-ed tennis team at the high school in 1977 and coached it continuously until the 1982-1983 school year when, for the first time, the school had separate girls' and boys' teams and given the fact that Erne was appointed coach of the girls' team, but not of the boys' team, there was sufficient evidence to support the determination that petitioners' justification for not appointing her was pretextual *(see, supra).*

It is true that there was record evidence that the District denied a coaching position to a male teacher *allegedly* due to excessive absenteeism. The record also established that he was suffering from alcoholism. It is altogether possible that he was denied the position for that reason rather than his absenteeism or a combination thereof. In any event, it is clear that even though another teacher had been denied a coaching position allegedly based upon his absenteeism, the Division was still of the opinion that, based upon the facts presented in this case, Erne was denied the coaching position due to her sex and not excessive absenteeism. That determination is supported by substantial evidence and I would therefore confirm it.

Adjudged that the determination is annulled, with costs, and petition granted.