■ TARA JOHNSON et al., Respondents, v MARIAN R. SHELTON, as Judge of the Family Court of the State of New York, County of Bronx, Appellant. [785 NYS2d 47]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about August 5, 2003, which granted the application to prohibit respondent from ordering petitioners' appearance or testimony, and to quash arrest warrants issued for their failure to appear, and order, same court and Justice, entered on or about February 9, 2004, which, to the extent appealable, denied respondent's motion to renew consideration of the application, unanimously affirmed, without costs.

Three children were placed in foster care by ABC Variety House in 2000. Parental termination proceedings regarding two of the children were before respondent in 2003 when, after reading media reports about the death of the third child, she sua sponte issued a show cause order for removal of the two other children from that foster mother's care. However, those two children had already been removed from the foster home by the Administration for Children's Services.

The order to show cause was not properly served on ABC, the placement agency, and it failed to name petitioners, who are senior officials of ABC, over whom respondent had no jurisdiction. On the return date of the show cause order, counsel for petitioners indicated they would decline to appear because they were witnesses in the concurrent investigations pending at the Administration for Children's Services and at the offices of the Manhattan and Queens District Attorneys. When respondent was advised that petitioners would not be appearing, she improvidently and inexplicably issued warrants for their arrest.

Supreme Court may, in the exercise of its discretion, invoke the extraordinary remedy of a writ of prohibition upon a showing that a Family Court judge, however well motivated, has acted without jurisdiction and in excess of authority (*Matter of Walker v Buscaglia*, 71 AD2d 315 [1979]). Because the judge here had no authority to make the order, it was void ab initio for all purposes (*Matter of Fish v Horn*, 14 NY2d 905, 906 [1964]), including the exercise of powers to order the appearance and testimony of nonparties not named in the show cause order (*Matter of Jillana C.*, 309 AD2d 1170 [2003]), or to issue warrants for their arrest.

We have considered respondent's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Lerner, Friedman and Marlow, JJ.