■ In the Matter of DEBRA MM., Respondent, v RALPH MM., Appellant. [878 NYS2d 812]—

Garry, J. Appeal from an order of the Supreme Court (Sherman, J.), entered July 13, 2007 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner and respondent are married but separated. Their children have been placed in foster care. In September 2006, petitioner filed a family offense petition, and Family Court issued a temporary order of protection directing respondent to stay away from petitioner and refrain from communication or any other contact, together with other provisions specifically including a direction for "no third party contacts." This order was duly served, and thereafter petitioner sought further relief in Family Court, alleging a family offense and violations of the order of protection pursuant to Family Ct Act §§ 812 and 846. In January 2007, a criminal complaint alleging violation of the order of protection was also filed, and both matters were transferred for hearing before the Integrated Domestic Violence Part of Supreme Court.

During the pendency of this proceeding, respondent was convicted of a criminal charge in Pennsylvania. A condition of his sentence required that he avoid contact with petitioner. A probation revocation hearing was conducted before the Pennsylvania Court of Common Pleas in April 2007. Respondent, who was represented by counsel, appeared and testified in his own defense. In the course of his testimony, respondent made several admissions relative to engaging in prohibited contact with petitioner during the time period relevant to the New York proceeding. At the conclusion of the hearing, the Pennsylvania court revoked respondent's probation and directed his incarceration.

Subsequently, petitioner moved and respondent cross-moved

for summary judgment upon a record which included affidavit testimony of each party, copies of written communications from respondent to petitioner or to third parties during the relevant period, affidavit testimony of a caseworker who was personally acquainted with the parties and the transcript of the April 2007 probation revocation hearing in Pennsylvania. Supreme Court issued a decision which noted specifically that respondent "had a full and fair opportunity to litigate the issue of whether he violated the conditions of his probation by contacting [petitioner]." The court found that the evidence was sufficient to establish that respondent had committed family offenses through conduct constituting harassment in the second degree and stalking in the fourth degree (see Family Ct Act § 812 [1]) and that he had violated the temporary order of protection (see Family Ct Act § 846). A dispositional hearing was scheduled. Following a subsequent conference, however, Supreme Court issued a second decision and dispositional order, in which it found that there were no remaining factual issues to be determined at an evidentiary hearing. The court held that, in consideration of all the circumstances, including respondent's residence in Pennsylvania and his prior incarceration in that state, the appropriate disposition was the issuance of an order of protection prohibiting any contact whatsoever by respondent with petitioner, including contact through third parties, for a two-year period. Respondent appeals.

The evidence was sufficient to support the findings that respondent committed the offenses of harassment in the second degree (see Penal Law § 240.26 [3]) and stalking in the fourth degree (see Penal Law § 120.45 [1]). As to the finding that he violated the temporary order of protection, Family Ct Act § 846-a permits such a finding only after an evidentiary hearing. However, the determination was made according to the established procedures of the CPLR, to which respondent did not object (see CPLR 3212). This proceeding involved a full evidentiary exchange, and both parties were represented by counsel. In reaching its determination, Supreme Court properly relied upon respondent's admissions made during the Pennsylvania probation revocation hearing, since the transcript of that proceeding reveals that his due process rights were also fully protected (compare Matter of Alethea B., 117 AD2d 985, 985 [1986]; Matter of Ryan v Ryan, 42 AD2d 733, 733 [1973]). Finally, the court properly held that there were no further factual issues requiring the parties' appearance and testimony in a subsequent dispositional hearing (see Matter of Phillips v Laland, 4 AD3d 529, 530 [2004], lv denied 3 NY3d 609 [2004]; Matter of Dabbene v Dabbene, 297 AD2d 812, 812 [2002]).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.