■ In the Matter of ROBERT B.-H. MERCYFIRST, Appellant, et al., Petitioner; ROBERT H., Respondent. (Proceeding No. 1.) In the Matter of NYEMA B.-H. MERCYFIRST, Appellant, et al., Petitioner; ROBERT H., Respondent. (Proceeding No. 2.) In the Matter of LATISHA B.-H. MERCYFIRST, Appellant, et al., Petitioner; ROBERT H., Respondent. (Proceeding No. 3.) In the Matter of SHAMEIKA B.-H. MERCYFIRST, Appellant, et al., Petitioner; ROBERT H., Respondent. (Proceeding No. 4.) [919 NYS2d 366]—

"Family Court Act § 1056 does not authorize the issuance of

an order of protection on behalf of [a foster care agency's] employees" (*Matter of Robert B.-H. [Robert H.]*, 81 AD3d 940, 941 [2d Dept 2011]). "Mercyfirst's caseworkers do not fit within any of the classes of persons in whose favor an order of protection may be issued" (*id.*; *see* Family Ct Act § 1056). Accordingly, the Family Court properly vacated the temporary order of protection (*see Matter of Robert B.-H. [Robert H.]*, 81 AD3d 940, 941 [2011]).

Further, since the Family Court had no power to issue the temporary order of protection initially, it was void ab initio for all purposes, including the power to hold the father in contempt (*see Matter of Fish v Horn*, 14 NY2d 905, 906 [1964]; *Matter of Jillana C.*, 309 AD2d 1170, 1171 [2003]; *see also Matter of Bickwid v Deutsch*, 229 AD2d 533, 534-535 [1996]).

Mercyfirst's remaining contention is without merit. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.