■ In the Matter of MICHELLE HISSAM, Appellant, v JAMES HISSAM, Respondent. (And Another Related Proceeding.) [923 NYS2d 757]—

Malone Jr., J. Appeals (1) from an order of the Supreme Court (Potter, J.), entered September 25, 2009 in St. Lawrence County, which, among other things, granted respondent's cross application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children, and (2) from an order of said court, entered September 25, 2009, which granted respondent's motion to hold petitioner in violation of a prior order.

The parties are the parents of three children (born in 2002, 2004 and 2006). The family resided together in the Village of Edwards, St. Lawrence County until January 18, 2008, when petitioner (hereinafter the mother) and the children vacated the marital residence. Respondent (hereinafter the father) moved out of the marital residence approximately one week later, whereupon the mother returned to the house with the children and her paramour, William Church. Subsequently, the parties each petitioned for custody of the children, and the matters were transferred to Supreme Court, Integrated Domestic Violence part. Supreme Court conducted trials on the custody petitions over the course of several days, and also held a hearing on a motion filed by the father, in which he alleged that the mother had willfully violated a temporary order of protection that prohibited the mother from allowing Church to have contact with the children.

Supreme Court ultimately granted sole legal and physical custody to the father and provided the mother with supervised visitation, as can be arranged by the parties and to be supervised by the St. Lawrence County Department of Social Services

(hereinafter DSS). The court also found that the mother had willfully violated the temporary order of protection by allowing contact between Church and the children on two separate occasions, and subsequently issued an order of protection prohibiting the mother from having contact with the children until each attains the age of 18, unless the contact is supervised by DSS. The mother now appeals.*

In making an initial custody determination, the children's best interests are the paramount concern (see Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [2011]). Relevant factors to consider include the ability of each parent to provide stability for the children, each parent's home environment, and each parent's past performance and ability to provide for the children's intellectual and emotional development (see Matter of Omahen v Omahen, 64 AD3d 975, 976 [2009]). In reviewing custody determinations, this Court accords deference to the trial court's assessment of witness credibility (see Matter of Tamara FF. v John FF., 75 AD3d 688, 688-689 [2010]).

Here, Supreme Court acknowledged that each parent had engaged in inappropriate conduct in their relationship with each other and with their children, including instances of domestic violence, and each had mental health issues. However, the evidence established that the father had addressed his issues by seeking treatment, whereas the mother had not. Further, Church apparently has substance abuse issues and has disciplined the oldest child in an inappropriate manner and, yet, the mother fails to acknowledge the risk of harm he poses to the children. She persists in maintaining a relationship with him and, in direct contravention of a court order, allows him to be around the children. The mother's actions demonstrate her willingness to place her own interests ahead of those of her children. According deference to the court's credibility assessments, we find no basis upon which to disturb the court's determination that the children's best interests are served by modifying custody in favor of the father (see Matter of Thomas v Osborne, 51 AD3d 1064, 1067 [2008]).

---

* In July 2010, the father was charged with sexual abuse in the second degree for allegedly improper conduct with an unrelated 12-year-old child. According to the attorney for the children, based on this charge Child Protective Services conducted an investigation pursuant to Family Ct Act § 1034, but did not find any evidence warranting the removal of the children from the father's custody. The attorney for the children also informs this Court that petitions for modification of custody have been filed by both the mother and the maternal grandparents and that trial on the mother's petition was scheduled to begin on March 24, 2011. However, this Court is unaware of the resolution, if any, of either of those petitions and, thus, cannot say that these appeals are moot, as is argued by the attorney for the children.

Next, contrary to the mother's contention, the record supports Supreme Court's determination that she willfully violated the order of protection. An assessment of the credibility of all of the witnesses who testified was crucial to the resolution of these matters and the court found the mother to be, at times, incredible and unable or unwilling to answer questions directly. According deference to the court's credibility assessments, the record contains clear and convincing evidence that Church, the mother and one or more of the children were seen together on two separate occasions (*see Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149 [2009]). The mother's own testimony makes it clear that she was aware of the terms of the order of protection.

The mother's remaining contentions have been reviewed and found to be unavailing.

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.

