■ In the Matter of Lisa Ann Parrella, Respondent, v Heather Freely, Appellant. [933 NYS2d 876]—

In January 2010 the appellant was dating the former boyfriend of Lisa Ann Parrella, with whom Parrella had a child. At that time, Parrella filed a petition against the appellant, alleging that the appellant violated a previous order of protection. On July 13, 2010, the Family Court entered an order which, in effect, granted the petition and, inter alia, directed the appellant to stay away from Parrella and to refrain from communicating with or about Parrella for a period of two years. On this appeal, the appellant argues, among other things, that the Family Court lacked subject matter jurisdiction over the proceeding.

"The Family Court is a court of limited jurisdiction and, thus, it 'cannot exercise powers beyond those granted to it by statute' " (*Matter of Seye v Lamar*, 72 AD3d 975, 975-976 [2010], quoting *Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]). Where the Family Court had no jurisdiction to issue an order of protection or temporary order of protection initially, such an order "was void ab initio for all purposes, including the power to hold [a party] in contempt" (*Matter of Robert B.-H. [Robert H.]*, 82 AD3d 1221, 1222 [2011]; *see Matter of Fish v Horn*, 14 NY2d 905, 906 [1964]).

Pursuant to Family Court Act § 812 (1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed criminal acts that occur among enumerated classes of people, including persons who share an "intimate relationship" with each other (Family Ct Act § 812 [1] [e]; *see Matter of LaVann v Bell*, 77 AD3d 1422, 1423 [2010]; *Matter of Jessica D. v Jeremy H.*, 77 AD3d 87, 88-89 [2010]). Here, there is no evidence in the record that the appellant and Parrella had a direct relationship. Instead, the evidence revealed that the parties had met personally only during the course of the court proceedings and that the appellant had never met Parrella's child. Therefore, there is no evidence that the parties' relationship was an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) (*see Matter of Tyrone T. v Katherine M.*, 78 AD3d 545 [2010]; *Matter of Seye v Lamar*, 72 AD3d at 976-977).

Since the parties did not have an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e), the Family Court lacked subject matter jurisdiction to issue the original order of protection or to issue the order appealed from (*see Matter of Fish v Horn*, 14 NY2d 905 [1964]).

666

In light of the foregoing, the appellant's remaining contentions have been rendered academic. Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.