■ In the Matter of Mary Ann YY., Respondent, v Edward YY., Appellant. [955 NYS2d 238]—

Kavanagh, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered October 24, 2011, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in willful violation of an order of protection.

In December 2010, upon petitioner's application, Family Court issued a temporary order of protection requiring respondent—her brother—to avoid having any contact with her. Shortly after the parties entered into a written stipulation making that order permanent, petitioner filed a petition alleging that respondent had willfully violated the terms of the order by attending a meeting regarding the parties' developmentally disabled sister knowing that petitioner would be present.* After a hearing, Family Court found that respondent had willfully violated this order. This appeal ensued.

Petitioner is the co-standby guardian for the parties' develop-

* The incident occurred the day after respondent signed the stipulation agreeing to having the order of protection become permanent.

mentally disabled sister, who resides at a state-sponsored facility, and petitioner routinely attends meetings at the facility to discuss her sister's condition and treatment regimen. Respondent has not, for at least 10 years, attended one of these meetings. In March 2011, a meeting was scheduled at the facility and petitioner, in her capacity as co-standby guardian, was notified of it in writing. Respondent was not so notified, but decided to attend after learning of the meeting from another member of his immediate family. At the hearing before Family Court, respondent acknowledged that when he decided to attend, he assumed that petitioner, in all likelihood, would be present. When he arrived at the meeting, respondent saw petitioner, but continued into the meeting room and took a seat in a chair immediately opposite her. The program director, after being advised by petitioner of the order of protection, asked respondent to leave the meeting and he immediately complied. This evidence, all of which is uncontroverted and not in dispute, provides a clear and convincing basis for Family Court's determination that respondent deliberately and willfully violated the order of protection (*see Matter of Hissam v Hissam*, 84 AD3d 1513, 1515 [2011], *lv dismissed and denied* 17 NY3d 855 [2011]; *Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149 [2009]; *Matter of Cobane v Cobane*, 57 AD3d 1320, 1322-1323 [2008], *lv denied* 12 NY3d 706 [2009]).

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.