# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**650**
**CAF 12-01372**
PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF MELISSA A. FERRUSI,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHARIFF K. JAMES, RESPONDENT-APPELLANT.

---

EMILY A. VELLA, SPRINGVILLE, FOR RESPONDENT-APPELLANT.

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., OLEAN (JESSICA L. ANDERSON OF COUNSEL), FOR PETITIONER-RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered June 22, 2012 in a proceeding pursuant to Family Court Act article 8. The order, among other things, granted the petition.

It is hereby ORDERED that said appeal from the order insofar as it concerns commitment to jail is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent father appeals from an order, inter alia, finding that he willfully violated an order of protection and committing him to a jail term of six months. The commitment was stayed for a period of six months on the condition that the father not violate the order of protection. Contrary to the father's contention, petitioner mother established by clear and convincing evidence that the father willfully violated the terms of the order of protection (*see Matter of Mary Ann YY. v Edward YY.*, 100 AD3d 1253, 1254). We also conclude that the father's challenge to the commitment is moot because that part of the order has expired by its own terms (*see Matter of Alex A.C. [Maria A.P.]*, 83 AD3d 1537, 1538; *see generally Matter of Julie A.C. v Michael F.C.*, 15 AD3d 1007, 1007). Finally, we conclude that the father was not denied effective assistance of counsel. The father failed to meet his burden of demonstrating that the alleged failures of his counsel resulted in actual prejudice (*see Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704).

Entered:  July 5, 2013                                    Frances E. Cafarell
                                                          Clerk of the Court