■ In the Matter of CRAIG O., Respondent. BARBARA P., Appellant. [987 NYS2d 642]—

Stein, J.P. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered January 7, 2013, which

granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in willful violation of an order of protection.

In February 2012, petitioner commenced a family offense proceeding alleging that respondent had committed acts constituting the crime of harassment in the first or second degree against him and his child, who is not related to respondent. At an appearance before Family Court, respondent's motion to dismiss the petition for failure to state a cause of action was denied and Family Court issued a temporary order of protection which, among other things, required respondent to stay away from petitioner and his child. After petitioner filed an amended family offense petition, the order of protection was reissued and subsequently extended, and Family Court dismissed the original petition. Petitioner subsequently filed a petition alleging that respondent had willfully violated the temporary order of protection. Respondent filed an answer to the petition, together with an accompanying affidavit. Family Court then scheduled a trial on the family offense and violation petitions. However, when the parties appeared for trial, petitioner orally moved for summary judgment on the violation petition. Family Court granted petitioner's motion and issued a two-year order of protection requiring respondent to, among other things, stay away from petitioner and his child. Respondent now appeals and, for the reasons that follow, we reverse.

Respondent initially contends that Family Court erred in denying her motion to dismiss the original family offense petition for failure to state a cause of action and further asserts that Family Court lacked jurisdiction with respect to the conduct between these two parties.[1] To the extent that such argument is properly before us,[2] we find it to be unavailing. Family Ct Act § 812 gives Family Court concurrent jurisdiction over proceedings involving acts that would constitute specified crimes between, among others, individuals who currently or previously were involved in an intimate relationship (*see Matter of Scott KK. v Patricia LL.*, 110 AD3d 1260, 1262 [2013], *lv dismissed and denied* 22 NY3d 1054 [2014]; *Matter of Janet GG. v Robert GG.*, 88 AD3d 1204, 1204-1205 [2011], *lv denied* 18 NY3d 803

---

1. Although respondent also asserted in her answer to the amended petition that it likewise failed to state a cause of action, she did not move to dismiss the amended petition.

2. While the only order that is the subject of this appeal is the dispositional order of protection issued in the violation proceeding, we address respondent's argument regarding the family offense petition to the extent that she asserts that Family Court lacked subject matter jurisdiction to issue the temporary order of protection (*see Matter of Parrella v Freely*, 90 AD3d 664, 665 [2011]).

[2012]; *see also Matter of Willis v Rhinehart*, 76 AD3d 641, 643 [2010]).[3] Here, in her motion to dismiss the initial family offense petition, respondent asserted that the allegations did not constitute the crime of harassment and, further, that petitioner failed to allege the existence of an intimate relationship between petitioner and respondent.

As to the first argument, the petition alleged that respondent had acted in a manner that constituted harassment in the second degree,[4] in that respondent videotaped and audiotaped a conversation between petitioner and the child without petitioner's knowledge. It further alleged that respondent had filed false reports implicating petitioner with the Tompkins County Department of Social Services and had acted inappropriately in certain situations with petitioner and the child. With respect to the relationship between petitioner and respondent, petitioner checked the box on the petition indicating that the parties "were in an intimate relationship" and respondent's answer admitted such allegation.

Liberally construing the petition and giving petitioner the benefit of every favorable inference, the allegations contained therein are sufficient to state a cause of action for a family offense based on harassment in the second degree, as well as the existence of an intimate relationship between petitioner and respondent (*see Matter of Jeff M. v Christine N.*, 101 AD3d 1426, 1427 [2012]; *Matter of Pamela N. v Neil N.*, 93 AD3d 1107, 1109 [2012]). Accordingly, Family Court properly denied respondent's motion to dismiss the family offense petition premised on the failure to state a cause of action. Moreover, based only upon the allegations in the petition and without the benefit of any additional proof regarding the parties' relationship, we cannot conclude at this juncture that Family Court lacked subject matter jurisdiction over the petition (*see Matter of Jessica D. v Jeremy H.*, 77 AD3d 87, 90-91 [2010]; *compare Matter of Parrella v Freely*, 90 AD3d 664, 665 [2011]).

In any event, we find that questions of fact exist regarding

---

3. Notably, the record here does not include any decision by Family Court on the underlying family offense petition, which would, as a threshold matter, require a determination as to whether the facts support a finding of an intimate relationship that would bestow subject matter jurisdiction upon the court (*see generally Matter of Willis v Rhinehart*, 76 AD3d at 643).

4. Such crime requires proof that respondent acted with "intent to harass, annoy or alarm [petitioner and/or the child]" by "engag[ing] in a course of conduct or repeatedly commit[ting] acts which alarm[ed] or seriously annoy[ed] [petitioner and/or the child] and which serve[d] no legitimate purpose" (Penal Law § 240.26 [3]; *see Matter of Christina MM. v George MM.*, 103 AD3d 935, 936 [2013]).

respondent's willful violation of the temporary order of protection which preclude summary judgment in petitioner's favor. "While it is well established that Family Court is so authorized, summary judgment remains a drastic procedural device which will be found appropriate only in those circumstances when it has been clearly ascertained that there is no triable issue of fact outstanding" (*Matter of Suzanne RR.*, 35 AD3d 1012, 1012 [2006] [internal quotation marks and citations omitted]). Here, Family Court found that the allegations contained in the violation petition, combined with respondent's affidavit in response thereto, established that respondent had violated the order of protection.[5] Specifically, the violation petition alleged that, after the issuance of the order of protection—which required respondent to, among other things, stay away from and refrain from communicating with petitioner and his daughter—respondent contacted the child's mother as a means of staying in contact with the child and, through the mother, gave the child a gift and a photograph of respondent. Petitioner also alleged that, on one occasion, respondent went to a location where petitioner was picking up his child at the end of a visit with the child's mother.

As to the latter allegation, respondent explained in her affidavit in response to the petition that she had arranged to meet the child's mother 30 minutes after the visitation between the child and the child's mother was scheduled to end but, when she arrived at the arranged location, she saw petitioner in the parking lot and immediately left the premises. Respondent further averred that, unbeknownst to her, the time of the visit between the child and the child's mother had been changed, but the child's mother did not have time to notify respondent thereof. Additionally, she denied both that the gift given to the child by the child's mother was intended to be from respondent and that she asked the child's mother to give the child a photo of her. In short, respondent denied intentionally taking any action to violate the order of protection. Viewing the foregoing in a light most favorable to respondent as the nonmoving party, we find that questions of fact remain as to whether respondent willfully violated the order (*cf. Matter of Daniels v Lushia*, 101 AD3d 1405, 1406-1407 [2012]; *see generally Matter of Mary Ann YY. v Edward YY.*, 100 AD3d 1253, 1254 [2012]; *Matter of Columbia County Dept. of Social Servs. v Kristin M.*, 92 AD3d 1101, 1103 [2012]), requiring a hearing (*see* Family Ct Act §

---

5. Notably, Family Court determined that respondent had violated the order of protection without making a specific finding that the violation was willful (*see* Family Ct Act § 846-a).

846-a; *Matter of Debra MM. v Ralph MM.*, 61 AD3d 1278, 1279 [2009]). Accordingly, Family Court erred by granting summary judgment to petitioner, the order of protection must be reversed and the matter remitted to Family Court.[6]

To the extent not specifically addressed herein, respondent's remaining contentions are either academic or without merit.

McCarthy, Rose and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision and, pending such further proceedings, the provisions of the order of protection shall continue.

 6. Nonetheless, the terms of the order of protection will remain in place in order to preserve the status quo during the pendency of the remittal proceedings.