# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

813
CAF 13-01036
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF MELISSA A. FERRUSI,
PETITIONER-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

SHARIFF K. JAMES, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

EMILY A. VELLA, SPRINGVILLE, FOR RESPONDENT-APPELLANT.

SOUTHERN TIER LEGAL SERVICES, A DIVISION OF LEGAL ASSISTANCE OF
WESTERN NEW YORK, INC., OLEAN (JESSICA L. ANDERSON OF COUNSEL), FOR
PETITIONER-RESPONDENT.

WENDY A. TUTTLE, ATTORNEY FOR THE CHILD, ALLEGANY.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered May 24, 2013 in a proceeding pursuant
to Family Court Act article 8.  The order determined that respondent
violated the terms of an order of protection.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner mother commenced this proceeding pursuant
to Family Court Act article 8 alleging that respondent father
willfully violated an order of protection directing him to stay away
from the mother and the parties' child except during scheduled
visitation.  In appeal No. 1, the father appeals from an order
finding, inter alia, that the mother met her burden of establishing
the allegations in the petition and, in appeal No. 2, the father
appeals from an order committing him to a jail term of six months, to
be served consecutively to a jail term imposed upon his violation of a
prior order of protection.  Contrary to respondent's contention in
appeal No. 1, the mother established by clear and convincing evidence
that the father willfully violated the terms of the order of
protection (*see Matter of Ferrusi v James*, 108 AD3d 1083, 1083; *Matter
of Mary Ann YY. v Edward YY.*, 100 AD3d 1253, 1254).  With respect to
the order in appeal No. 2, the father's challenge to the commitment is
moot inasmuch as it has expired by its own terms (*see Ferrusi*, 108
AD3d at 1083), and we therefore dismiss the appeal from that order.

Entered:  July 3, 2014                          Frances E. Cafarell
                                                Clerk of the Court